JAMES EGAN *vs.* JOSEPH MENARD, impleaded, etc.

July 7, 1884.

Mechanic's Lien—Work Done by Substitute.—In an action to recover the balance of price of several days' labor, for the greater part of which payment had been made, a recovery should not be set aside by reason of the fact that during a part of the entire period of service the work was not done by the plaintiff personally, but by a substitute employed by him, this fact not having been relied upon in defence at the trial, and it not appearing that this was not a part of the labor for which payment had been made.

**Same—Extent of Land—Question first raised on Appeal.**—In an action to enforce a statutory mechanic's lien, an appellant will not be heard to raise on appeal, for the first time, the question that certain land, comprising a part of two city lots, was not shown upon the trial to have not exceeded one acre in area.

Appeal by defendant Menard (impleaded with Medare Miller) from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial, in an action to enforce a mechanic's lien.

*E. C. Chatfield*, for appellant.

*Robinson & Bartleson*, for respondent.

DICKINSON, J.   The plaintiff, with his team, was employed at an agreed price per day in excavating a cellar upon the rear forty-four feet of two lots in the city of Minneapolis.   The labor was performed during the period from May 9th to June 6th, amounting to 19¾ days. For all labor prior to May 29th payment was made.   This action was for the recovery of the price of the labor subsequent to the latter date, and to have a statutory lien for the same declared and enforced upon the property so described.   It appeared in the course of the trial that, during one day and a half of the whole time above referred to, the plaintiff was not himself at work, but employed another man in his place.   This fact is now relied upon as a ground for a new trial.   This ought not to be allowed to defeat the recovery.   The question was not raised until motion was made for a new trial, and the fact was evidently not regarded at the trial as one which should affect the recovery.   The evidence shows that the defence was not sought to be placed upon the fact that this work had not been done by the plaintiff, but upon the alleged fact that the contract between this appellant, who was the owner of the property, and his co-defendant, who was the principal contractor and the employer of the plaintiff, had been terminated, and the plaintiff discharged, although, as the defendant admits, the plaintiff continued the work.   Moreover, it did not appear that the one and a half days referred to was any part of the time for which this recovery was sought.   For all that appears, it may have been a part of the time for which payment has been already made.

It is also claimed on this appeal that no lien should be adjudged

in favor of plaintiff, because there was no proof that the land above described does not exceed one acre in area. From a perusal of the case and the order appealed from we understand that this point was not raised in the trial court, but is presented for the first time upon this appeal. We will not, therefore, consider it. *City of Rochester* v. *Upman,* 19 Minn. 78, (108;) *Washburn* v. *Winslow,* 16 Minn. 19, (33.)

There is nothing in the point that a lien should not be adjudged because a part of the charge is for the labor of the plaintiff's team.

Order affirmed.