JOHNSON v. AGRICULTURAL LIFE INSURANCE CO.

INSURANCE—CHANGE OF BENEFICIARY.

Where insured desired to change the beneficiary in her life insurance policy from her brother to her husband, and so informed insurer's agent, who promised to obtain the proper form for her to sign and send in to the home office, as required by the terms of the policy but before this was accomplished insured died, the change of beneficiary was not effected, and the husband was therefore not entitled to the insurance.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted October 12, 1923. (Docket No. 89.) Decided December 19, 1923.

Assumpsit by John G. Johnson, administrator of the estate of Flossie M. Johnson, deceased, against the Agricultural Life Insurance Company on a policy of insurance. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*John R. Rood,* for appellant.

*Thomas G. Baillie,* for appellee.

BIRD, J. Flossie M. Beadle, an unmarried woman, took a one thousand dollar policy with defendant company in May, 1919, payable, in event of her death, to her brother, Floyd A. Beadle. A month or so later she married the plaintiff. In March, 1920, she concluded she would change the beneficiary from her brother to her husband. Soon after she saw Gibson, defendant's Detroit agent, through whom she had negotiated her policy, and disclosed to him what she desired to do. He advised that it could be done, but it would be necessary to have her policy, as that must

On effect of death of assured before contemplated change of beneficiary is complete, see notes in 34 L. R. A. (N. S.) 277; L. R. A. 1915A, 872.

be sent to the home office with the application for the change.    A few weeks later Gibson called upon Mrs. Johnson with reference to matters affecting another policy and she informed him she had not yet secured her policy, but would do so soon.    Later she visited her brother at Leslie and secured the possession of the policy on July 4, 1920.    On August 7th Gibson called at her house to pay her a sick benefit, and she gave him the policy.    Gibson then explained to her that he had no blanks, but would send to the home office at Bay City and get some, and that when he received them he would bring them out and have her sign them. While waiting for the blanks to arrive the insured died.    Plaintiff, the prospective beneficiary, now insists that he is entitled to the insurance, and brought this suit to recover the same.    The matter was heard in the Wayne circuit court and plaintiff's claim was rejected.

The policy contained the following provision, which was to guide policy holders in changing beneficiaries named in their policies:

"If there be no existing assignment of this policy, the insured may designate a new beneficiary by filing at the home office written notice thereof on forms provided for this purpose."

Plaintiff's principal contention is that the insured had done all she could to effectuate a change of beneficiary, and that the case was ruled by *Quist* v. *Insurance Co.*, 219 Mich. 406; *Supreme Court, I. O. F.*, v. *Frise,* 183 Mich. 186; *Grand Lodge, A. O. U. W.,* v. *Noll,* 90 Mich. 37 (15 L. R. A. 350, 30 Am. St. Rep. 419).

Under the disclosed facts we are unable to agree with counsel that the case falls within the ruling of these cases.    The insured had agreed that if she desired to change the beneficiary she would designate the new beneficiary in writing on forms provided for that purpose, and file it with the home office.  . Did

she do this?    Under the proofs it appears that the home office had no knowledge at the time of her death that she contemplated a change of beneficiary in her policy.    It did not appear that she ever requested the home office to send her a blank form for that purpose, and it does not appear that she ever signed a written notice indicating her desire to change the beneficiary.    It does not appear that she ever filed any paper with the home office advising it that she desired to change the beneficiary in her policy. It, therefore, conclusively appears that she did not do all that she could do to effectuate a change of the beneficiary.

But counsel argues that she was excused from doing these things because she invoked the aid of Gibson, defendant's Detroit agent.    In this matter Gibson acted for her in securing the forms upon which to make the change.    Gibson had no authority to authorize the change, and it does not appear that he assumed to act in any other way than in a clerical capacity to assist one of his customers.    It was simply because he knew how to effectuate the change and was attending to other insurance business for the insured that he was willing to assist her.    True, it was not important where she secured the form, but she must secure it somewhere, designate the new beneficiary, sign it and send it to the home office with her policy. This she did not do, and the easy way she set about it was responsible for its not being done sooner. The insured was young and, as is usual in such cases, she thought she had ample time in which to make the change.

Suppose, after the insured had delivered the policy to Gibson nothing had been done, and after waiting a time she had instituted mandamus proceedings to compel the company to consent to the change.    Upon the showing here made would any court have granted the writ, and would any lawyer have had the courage

even to argue such a motion?    We think not.    The company was not bound to make the change until it had her written application and signature on a blank form prescribed for that purpose, unless it had waived this provision of the policy.

The situation appears to bring the case within the recent case of *The Maccabees* v. *Wilbur*, 217 Mich. 28, and it is not unlike *Ancient Order of Gleaners* v. *Bury*, 165 Mich. 1 (34 L. R. A. [N. S.] 277).    In the case first cited application was made by a policy holder to the agent of a company to change the beneficiary.    He had no blank application at his place of business and suggested to the insured that he would get the blank and send it to him.    Before he did so the insured died, and the question arose as to whether any change in the beneficiary should be recognized by the company.    The court held that no change was effected.    We think the present case must be ruled by it.    In that case, as well as in this, there was an unexecuted intention to change the beneficiary, but death intervened before the necessary prerequisite was executed.

There are some other questions argued in appellant's brief, but we think they are not important enough to reverse the judgment.

The judgment of the trial court is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.