## PENNSYLVANIA MUTUAL LIFE INS CO v MECKLENBORG, Admr, Etc

Ohio Appeals, 2nd Dist, Madison Co

No 93. Decided April 28, 1933

Frank J. Murray, London, for defendant administrator.

Crabbe, Johnson & Tootle, London, for defendant Jessie May Junge.

164

## OPINION

By KUNKLE, J.

Counsel upon both sides have supplemented their able oral arguments in the case with exhaustive briefs.

These briefs contain citations and discussions of many of the leading authorities from this and sister states. We shall not attempt to review the authorities so cited in detail. We will content ourselves with announcing the conclusion at which we have arrived after a careful consideration of the authorities cited and the pertinent averments of the pleadings. The controversy relates to the manner of changing the beneficiary and the form of the assignment in the policies in question.

It must be noted that the insurance company for whose benefit the requirements of the policies plead by the administrator are provided, is not raising any question as to the irregularities specified in the answer of the defendant administrator.

It will also be noted that the pleadings admit that the policies in question were retained by the insured, Henry M. Junge, solely for the purpose of safekeeping; that the insured, Henry M. Junge, prior to the execution of said assignments and designation of beneficiary advised his wife that he intended to make her the beneficiary and assignee of all his insurance and that after the execution of said documents the said Henry M. Junge informed his wife that he had made over all the insurance to her.

From our consideration of the cases cited by counsel we cannot escape the conclusion but that the reasoning as found in the case of **Atkinson v Metropolitan Life Insurance Company, 114 Oh St 109**, is decisive of the issues raised in this case.

Counsel are thoroughly familiar with this case and discussed the same in detail during oral argument and have also cited the same in the briefs.

The first, fourth and fifth paragraphs of the syllabus in this case are as follows:

"1. Where a life insurance policy contains therein written a condition that such 'policy is written with the right of the insured to change the beneficiary', such right is absolute and may be exercised at any time during the lifetime of the insured and the consent of the insurance company is not essential thereto.

4. The provisions in a policy of insurance regulating the mode and manner of making a change of beneficiary are for the benefit of the insurance company and may be waived by it.

5. In the event of a controversy between a former named beneficiary and a new beneficiary, if the insurance company interpleads in an action by a claimant to recover the proceeds of the policy it thereby waives any interest in the outcome of the action and thereupon the cause shall proceed between the respective claimants uninfluenced by any rights or interests of the insurance company"

It will be unnecessary to quote further from this opinion as the reasoning found therein, in our judgment, determines the issues in favor of the defendant Jessie May Junge.

The assignments and changes of beneficiary as they appear from the pleadings were executed at St. Paul, Minn.

The case decided by the Supreme Court of Minnesota in the case of Hogue v Minnesota Packing & Provision Company, reported in the 60th N.W.R., 812, is in harmony with the decision of our Supreme Court in the **114th Oh St, at page 109.**

Without further discussion of the many authorities cited, we are of opinion that the judgment of the lower court is correct and should therefore be affirmed.

HORNBECK, PJ, and BARNES, J, concur.