REED *v.* METROPOLITAN LIFE INS. CO.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —INSURANCE.

In action by beneficiary upon two insurance certificates under a group policy, testimony of employer's employee with reference to attempted change of beneficiary *held,* not inadmissible under statute barring matters equally within knowledge of deceased since witness was not agent of insurer (3 Comp. Laws 1929, § 14219).

2. INSURANCE—GROUP POLICY—BENEFICIARY—NATURE OF INTEREST.

Under group life insurance policy vesting insured with power to change beneficiary, latter had mere revocable expectancy contingent upon remaining beneficiary to time of insured's death.

3. SAME—GROUP POLICY—CHANGE OF BENEFICIARY.

Under group life insurance policy prescribing that to effect change of beneficiary insured must make application therefor to employer and secure latter's indorsement of change on insured's certificate, indorsement may be waived by insurer but application must be made to change beneficiary.

4. SAME—GROUP POLICY—CHANGE OF BENEFICIARY—INTENT.

Mere unexecuted intention on part of insured to change beneficiary under group life insurance policy *held,* insufficient to effect such change and bar recovery by beneficiary even though certificates of insurance were delivered to person attempted to be substituted and that person collected from insurer thereon.

Appeal from Genesee; Parker (James S.), J. Submitted June 8, 1934. (Docket No. 79, Calendar No. 37,869.) Decided October 1, 1934.

Action by Gertrude Reed against Metropolitan Life Insurance Company, a New York corporation, for sums due on a life insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*R. M. Van Dyne*, for plaintiff.

*Cook, Sheppard & Stipes*, for defendant.

NELSON SHARPE, C. J. On January 3, 1927, Willie Reed, an employee of the Saginaw Products Company in the city of Saginaw, signed a written application for life insurance in the sum of $1,000, under a group policy, No. 3200G, issued by the defendant, Metropolitan Life Insurance Company, to the General Motors Corporation, of which the products company was a division. He stated therein that the name of the beneficiary was Gertrude Reed, his wife. She, at that time, was living in the State of Tennessee. They had theretofore been lawfully married and had three living children. Pursuant thereto and in conformity with the provisions of the group policy a certificate was issued to him in which Gertrude Reed was named the beneficiary.

On November 1, 1928, an opportunity was given to the employees of the products company to procure additional insurance in the sum of $1,000, and Reed signed an application therefor. A certificate was issued to him by the defendant company pursuant thereto. The beneficiary was not named therein. It however stated:

"This certificate is issued and accepted as being in addition to and not a substitute for the certificate

previously issued to the said employee under group policy No. 3200G.''

Reed was killed in an automobile accident on October 2, 1931. This action is brought by the beneficiary named in the first certificate to recover on both certificates. She had judgment therefor, less an allowance for funeral and burial expenses, in the sum of $1,875. Defendant has appealed.

The defense is based upon the claim that the deceased in his life time had changed the beneficiary named in the certificate and assigns error upon the refusal of the court to so hold. The facts are not in dispute. During the spring of 1928, the deceased met a woman in Saginaw, named Gertrude Merritt, and soon thereafter they began living together in illicit relationship and were regarded by those with whom he associated as husband and wife.

The evidence relied on to establish the change of beneficiary is as follows: Mary Elizabeth Bottke, an employee of the products company at the time deceased made his application for additional insurance, testified that all of the employees signed the applications therefor in her presence; that she at that time wrote on the first application, made by the deceased, under the words ''name of beneficiary''—''Reed—Gertrude—wife,'' the address, ''207 Sears St.,'' and stated as her reason for doing so:

''When the man was called in to sign an extra additional thousand dollar card we asked him at that time if there was any change of address for the beneficiary and that is what he gave us.''

She also testified that she at that time had a blank form for a change of beneficiary.

Maude Robinson testified that the deceased and Gertrude Merritt were living together at 207 Sears

street and that, in her presence, the deceased gave both of the certificates of insurance to Gertrude and "told her he took out the beneficiary, that is, had it to her as Gertrude Reed, address 207 Sears."

It also appears that a few days after Reed's death Gertrude Merritt, representing herself to be his widow and only heir, was appointed administratrix of his estate and that the defendant thereafter paid to her the $2,000 insurance.  She signed the name "Gertrude Reed" to the receipt therefor.

The group policy, issued by the defendant, contained the following provisions:

"The company will issue to the employer, for delivery to each employee insured hereunder, an individual certificate, reciting the benefits to which such employee is entitled under this policy and the name of the beneficiary designated by the employee.

"Any employee insured hereunder may, from time to time, change the beneficiary by filing written notice thereof with the employer accompanied by the certificate of such employee.  Such change shall take effect upon indorsement thereof by the employer on such certificate, and unless the certificate is so indorsed, the change shall not take effect."

Annexed to and forming a part of the first certificate, issued to the deceased, was the following:

"The beneficiary may be changed at any time, but only by the employee, such change to take effect upon receipt by the employer of due application for such change, and upon indorsement by the employer covering the change on the employee's certificate. Should any beneficiary die before the insured, the interest of such beneficiary shall vest in the insured."

The application for additional insurance contained the following:

"The beneficiary for this additional insurance is to be the same as previously designated. Should I desire to change the beneficiary, I will complete 'change of beneficiary' form, G. 20."

Under these provisions the deceased might have changed the beneficiary in the certificates, issued to him, at his pleasure—by complying therewith. He did not do so. Neither the defendant company nor his employer had any notice of a desire on his part to make such change.

The defendant, however, insists that the answer of the deceased to the question put to him by Mary Elizabeth Bottke, as to whether there was any change in the address of the beneficiary, that such address was 207 Sears street, the street and number at which he was then living with Gertrude Merritt, indicated an intention on his part to, and did effectuate a change of beneficiary to Gertrude Merritt. This evidence was received over the objection of the plaintiff's counsel on the ground that she was an agent of the defendant and it was inadmissible under 3 Comp. Laws 1929, § 14219. In our opinion it was admissible as she was, at that time, acting on behalf of the employer and not the defendant. See *Rousseau* v. *Brotherhood of American Yeomen,* 177 Mich. 568.

Under the policy issued to the employer and the certificate issued pursuant thereto to the insured, which reserved the right in him to change the beneficiary at any time, the beneficiary had no vested interest therein "but only a revocable expectancy contingent upon remaining the beneficiary to the time of the death of the insured." *Quist* v. *Western & Southern Life Ins. Co.,* 219 Mich. 406. Her interest, however, was contingent only upon a change of beneficiary having been legally made.

In the first certificate issued to the insured he was informed that he might change the beneficiary at any time but, in order to do so, he must make due application therefor and secure the indorsement of his employer on the certificate. While the indorsement might be waived by the insurer (*Quist* v. *Western & Southern Life Ins. Co., supra*) an application therefor must be made. No effort was made by the insured to comply with the provision in his certificate. Had he intimated to the employee of the company, who testified that he gave the address of the beneficiary as 207 Sears street, that he desired to change the beneficiary she would doubtless have complied with his wishes in that respect by the use of the blank therefor with which she had been provided.

An intent on his part to effect the change is not sufficient. In *Johnson* v. *Agricultural Life Ins. Co.,* 225 Mich. 331, an unmarried woman took out a policy of insurance, in which her brother was named the beneficiary. She afterwards married and desired to substitute her husband as beneficiary. She consulted the agent of the insurance company and was informed by him that she must make application therefor, as required by the terms of the policy, and was told that he had no blanks therefor but would send to the company for them. He did so but before they arrived she passed away. It was held that the "unexecuted intention" of the insured was insufficient to change the beneficiary.

"It is generally held that an unexecuted intent to substitute a new beneficiary is not equivalent to an actual substitution, even though the certificate is delivered to the person attempted to be substituted." *Vanasek* v. *Western Bohemian Fraternal Ass'n,* 122

Minn. 273 (142 N. W. 333, 49 L. R. A. [N. S.] 141, Ann. Cas. 1914D, 1123).

The judgment is affirmed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.