AETNA LIFE INS. CO. *v.* MALLORY.

1. INTERPLEADER—GROUP INSURANCE POLICY—DISBURSEMENTS UN-
DER FACILITY OF PAYMENT CLAUSE—DEPOSIT IN COURT BY INSURER.
Under facility of payment clause in group life insurance policy
authorizing disbursement of not more than $500 to persons
who had incurred expenses on behalf of employee or for his
burial, disbursement of $500 for expense of physician, hospital,
and undertaker relieved insurer in its interpleader suit of duty
to deposit in court portion of face value of certificate issued
insured under the policy represented by disbursements so made.

2. INSURANCE—CHANGE OF BENEFICIARY—WILLS.
Generally where contract of insurance outlines a method of
changing the beneficiary and an insured has ample time in
which to comply with the contract, an attempted change of
beneficiary by will is ineffective.

3. SAME—UNEXECUTED INTENTION TO CHANGE BENEFICIARY.
An unexecuted intention of an insured to change a beneficiary
will not be sufficient to effect such change.

4. SAME—COMPLETION OF CHANGE OF BENEFICIARY—RIGHTS OF ABRO-
GATED BENEFICIARY.
If an insured has done all that is required of him to change a
beneficiary in manner provided by the policy and all that re-
mains are ministerial acts on the part of the insurer to com-
plete the change, an abrogated beneficiary has lost all interest
under the policy.

5. SAME—CHANGE OF BENEFICIARIES UNDER GROUP POLICY—WILLS—
EMPLOYEE'S INTENTION.
Evidence showing employee made a will 10 days before his death,
by which he attempted to transfer a portion of his insurance
with group insurer to beneficiary named in will but gave will
to such beneficiary without specific directions as to what to do
with it, was ineffective to change beneficiary under such group
policy which provided that an employee could designate a new

beneficiary as often as desired which designation would become effective only upon receipt of same at the insurer's home office and certificate issued employee under the policy provided that beneficiary was subject to change at employee's signed request at any time as provided in policy, where evidence also shows it was the intention of the employee, then ill with tuberculosis, that change of the beneficiary would become effective only upon his death.

Appeal from Genesee; Elliott (Philip), J.  Submitted October 5, 1939.  (Docket No. 51, Calendar No. 40,717.)  Decided December 20, 1939.

Bill by Aetna Life Insurance Company to interplead Dudley Mallory, guardian of the estate of Ruth Mae Franklin, a minor, and Edith Elland to determine the ownership of money due under an insurance policy.  Decree for defendant Elland.  Defendant Mallory appeals.  Reversed.

*Gerald E. Schroeder,* for plaintiff.

*R. M. Van Dyne* and *Dudley Mallory,* for defendant Mallory.

*Alexis J. Rogoski* and *Noel P. Fox* for defendant Elland.

SHARPE, J.  On March 1, 1935, the Aetna Life Insurance Company issued to C. Franklin a certificate in the sum of $1,000 under a group insurance policy issued by Aetna Life Insurance Company to Campbell, Wyant & Cannon Foundry Company of Muskegon, employer of C. Franklin, payable after the death of C. Franklin, under and by virtue of a beneficiary clause in the group policy reading as follows:

"It is requested that any sum becoming due on account of the death of an insured employee shall be

payable to the beneficiary or beneficiaries designated by the employee and filed at the home office of the company (subject to change in accordance with the provisions to be stated in the policy); provided that if any designated beneficiary predeceases the employee, the interest of such beneficiary shall vest in the surviving designated beneficiary or beneficiaries, if any, but if no designated beneficiary survives the employee or if no beneficiary has been designated, the insurance shall be payable to the first named beneficiary, or class of beneficiaries, of the following successive preference beneficiaries who shall survive the employee; the employee's (a) widow or widower; (b) surviving children, equally; (c) father and mother, equally, or to the survivor; (d) surviving brothers and sisters, equally; (e) executors or administrators.''

Ruth Mae Franklin, niece, was designated beneficiary upon the certificate. There was no alteration or change of beneficiary on the certificate at the time of C. Franklin's death on December 27, 1937.

The group policy contained the following provision as to change of beneficiary:

''Any employee insured hereunder may by written request designate a new beneficiary as often as desired; such designation to become effective only upon receipt of same at the home office of the company.''

The certificate contained the following provision:

''Each employee is at liberty to name the beneficiary to whom he desires payments to be made under the policy, which beneficiary is subject to change at his signed request at any time as provided in the policy.''

During the month of December, 1937, C. Franklin was suffering from tuberculosis and went to stay at

the home of Edith Elland. On December 17, 1937, C. Franklin sent for William McKinley Bell, an attorney, to have him draw a will which C. Franklin executed and wherein he attempted to leave $350 of the $1,000 policy to Edith Elland for kindness in providing a home for him during his last illness. The will and certificate of insurance were given to Edith Elland. After C. Franklin's death on December 27, 1937, Edith Elland took the certificate and will to Campbell, Wyant & Cannon Foundry Company. The company paid $87 to the physician, $77 to the hospital, and $336 to the undertaker.

The will made by C. Franklin reads as follows:

"I, Columbus Franklin, of Muskegon Heights, Michigan, declare this to be my last will, hereby revoking all wills and testamentary papers at any time heretofore made by me.

"I demise and bequeath all the estate and effects whatsoever, and wheresoever, both real and personal, to which I may be entitled, or which I may have power to dispose of at my decease, unto my niece, except the sum of $350, which sum I bequeath to Mrs. Edith Elland, absolutely, from Policy No. 9217 and Group Policy No. 3317–R, Aetna Life Insurance Company, of Hartford, Connecticut, for kindness in providing a home for me during my last illness. I appoint Edith Elland sole executrix and trustee of this, my last will and testament, and I direct that she be exempt from giving any surety or sureties on her official bond as executrix."

On June 9, 1938, the Aetna Life Insurance Company filed a bill of interpleader against Dudley Mallory, guardian for the estate of Ruth Mae Franklin, a minor, and Edith Elland, as defendants, praying that the defendants show to which of them and in what proportion the $500 belongs; that the court restrain actions at law against it by the defendants;

and that it have leave to pay $500 into court, to be subject to the order of the court and discharge plaintiff of all liability to defendants on account of the certificate of insurance.

Defendant Edith Elland filed an answer and claimed that she was entitled to the $350 as was provided in the will. Defendant Mallory filed an answer and cross bill and claimed that as guardian of Ruth Mae Franklin he was entitled to the $500 remaining from the insurance policy. Later he filed a motion that the court require the insurance company to pay into court the sum of $1,000 in compliance with the terms of the policy; and on the same day, filed an amended cross bill claiming the total sum of $1,000.

The trial court ordered the plaintiff dismissed inasmuch as it had deposited $500 in court and denied defendant Mallory's motion and dismissed his amended bill of complaint. The court held that C. Franklin because of his sickness was unable to comply with the terms of the policy as to the method of changing beneficiaries; and that the change by will should be held effective. Defendant Mallory appeals and contends that the insured did not comply with the terms of the contract with reference to change of beneficiary; that the execution of a will 10 days prior to the death of C. Franklin and giving the will and certificate to the proposed beneficiary without any specific directions from the insured as to what to do with it, but accompanied with the statement that if he got well he wanted to pay her and if he died he wanted her to have the money, does not amount to a change of beneficiary, especially in view of the fact that the policy and will were not delivered to the insurance company before the death of the insured; and that the trial court erred in refusing to require plaintiff to pay $1,000 into court.

The trial court was not in error in refusing to require plaintiff to pay $1,000 into court. The policy provided in its beneficiary clause as follows:

"Provided further that the company may, at its discretion, deduct from the sum payable an amount not to exceed $500 to be paid by it to any person or persons appearing to the company to be equitably entitled to same by reason of having incurred expense on behalf of the employee or for his (or her) burial; and the production of a receipt signed by such person or persons shall be conclusive evidence that all claims under this policy, to the extent of the amount paid, have been satisfied."

This provision in policies of this type is common and is known as the facility of payment clause. In *Howard* v. *Metropolitan Life Ins. Co.*, 281 Mich. 50, the court held that the payment of funeral expenses and other bills under the authority of the facility of payment clause relieved the insurance company from liability. See, also, *Sylvester* v. *Metropolitan Life Ins. Co.*, 255 Mich. 302.

The principal question for our determination is whether the will and the acts of the deceased were effective in disposing of the proceeds of the insurance policy to Edith Elland to the extent of $350. The general rule appears to be that where the contract outlines a method of changing the beneficiary and the insured had ample time to comply with the contract, an attempted change of beneficiary by will is ineffective. See *Grand Lodge, A. O. U. W.,* v. *Fisk,* 126 Mich. 356. It is also the rule that an unexecuted intention of the insured to change a beneficiary will not be sufficient. *Johnson v. Agricultural Life Ins. Co.,* 225 Mich. 331. See, also, *Reed v. Metropolitan Life Ins. Co.,* 269 Mich. 26; *Supreme Lodge, Knights of Honor,* v. *Nairn,* 60 Mich. 44.

But where the insured has done all that is required of him in the manner provided in the policy, and there remains only ministerial acts on the part of the insurance company to complete the change, an abrogated beneficiary has lost all interest under the policy. *Quist* v. *Western & Southern Life Insurance Co.*, 219 Mich. 406.

We have also held under certain specific conditions that testamentary disposition of proceeds of insurance policies may be sustained. *Supreme Council of the Catholic Mutual Benefit Ass'n* v. *Priest*, 46 Mich. 429; *Grand Lodge, A. O. U. W.*, v. *Noll*, 90 Mich. 37 (15 L. R. A. 350, 30 Am. St. Rep. 419); *Grand Lodge, A. O. U. W.*, v. *Kohler*, 106 Mich. 121.

In the case at bar we find that C. Franklin made a will 10 days before his death, gave it to Edith Elland without any specific directions as to what to do with it. There was no intention on the part of C. Franklin to deliver or have delivered any notice to the insurance company of his intention to change the beneficiary during his lifetime. It was his intention that the change in the beneficiary would only become effective upon his death.

The decree of the trial court is reversed with decree in favor of Dudley Mallory for the estate of Ruth Mae Franklin, a minor, in the sum of $500, with costs as against Edith Elland.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.