**GLENN, Admr., Plaintiff-Appellant, v. STEPHENS, Admx., et, Defendants-Appellees.**

Ohio Appeals, Second District, Greene County.

No. 514.   Decided April 21, 1950.

Routzohn, Routzohn & Nevin, Dayton, for plaintiff-appellant.

Merritt E. Schlafman, Dayton, for defendants-appellees.

**OPINION**

By WISEMAN, J:

This is an appeal on questions of law from the Common Pleas Court of Greene County, Ohio, which rendered judgment for the defendant-appellee, Permelia Stephens, in an action for declaratory judgment.

This action was instituted to determine who was entitled to the proceeds of two life insurance policies issued on the life of the decedent, Sylvan Ray Garver. On January 4, 1943, Garver purchased an insurance policy and a trust certificate (in the nature of an insurance policy) and named his then wife, Jeannette Marie Garver, as beneficiary, reserving the right to change the beneficiary. On July 5, 1944, Jeannette Marie Garver obtained a divorce from her husband in the State of Florida and was restored to her maiden name of Jeannette Stone. On July 18, 1944, Garver, while serving as a pilot in the Royal Air Force, Air Transport Command, and while stationed in the City of Montreal, Canada, executed his last will and testament in which he gave all of his property to his wife, "including all or any insurance policies on my life," and provided further;

"Should I die unmarried, I hereby give and bequeath all my said property to my grandmother, Mrs. Frank Stephens, presently residing at 43 Clover Street, Fairfield, Ohio."

On the 16th day of December, 1944, Garver disappeared at sea and was subsequently listed as dead.

The action for declaratory judgment was brought by Jeannette Marie Stone, the former wife of the decedent, for the purpose of securing a judgment declaring that she was entitled to the proceeds of the policies. Permelia Stephens, as an individual and also as administratrix with the will annexed of Sylvan Ray Garver, deceased, and designated in his will as Mrs. Frank Stephens, together with the Investors Syndicate of America, Inc., and The Western and Southern Life Insurance Company, were named parties defendant. The two insuring companies interpleaded, acknowledging their obligation to pay, and paid into court the amount due under their respective policies.

The question presented was whether the insured could change the beneficiary by the execution of a last will and

testament. The policies contained provisions setting forth the steps to be taken in order to effect the change of beneficiary. The record does not disclose that the insured made any attempt to change the beneficiary in the manner prescribed in the policies. At the time of the death of the insured, Jeannette Marie Garver remained the designated beneficiary of the policies.

The trial court found that the insured, by the execution of his last will and testament, clearly indicated his intention to change the beneficiary and did all that he could do under the circumstances to effect the change. The court found that the defendant, Permelia Stephens, was the beneficiary and was entitled to the proceeds of the policies.

During the pendency of the action the plaintiff, Jeannette Marie Stone, died, and the action was revived in the name of her administrator, John C. Glenn.

The only error assigned by the plaintiff-appellant is that the judgment of the Common Pleas Court is contrary to law.

It is contended that where a married woman is named as a beneficiary in a policy of insurance on the life of her husband, she is entitled to the proceeds of the policy, notwithstanding a divorce obtained by her before his death. Counsel for the appellant cites in support of this proposition Overhiser, Adm'x v. Overhiser, 63 Oh St 77, 57 N. E. 965; Valentine v. Tewsbury, 38 Abs 220, 49 N. E. (2d) 955; Hergenrather v. Assurance Co., 79 Oh Ap 116, 68 N. E. (2d) 833; Vol. 29 Am. Jur., page 976, Section 1309. It is conceded that the fact that plaintiff's decedent was divorced from the insured would not deprive her of her right to recover the proceeds of the policies in which she was named as beneficiary.

It is also contended that where the policy provides the steps to be taken to effect a change in the beneficiary the provisions of the policy must be followed. 29 Am. Jur., page 984, section 1315. This strict rule of construction has long since been abandoned by the courts in Ohio. It has been held that the provisions in the policy with respect to the manner in which the change of beneficiary can be effected is for the benefit and protection of the insurer, and may be waived by it. Atkinson v. Insurance Co., 114 Oh St 109, 150 N. E. 748; Arnold v. Newcomb, 104 Oh St 578, 136 N. E. 206; Glen v. Aetna Life Insurance Company, 73 Oh Ap 452, 56 N. E. (2d) 951; The Union Central Life Insurance Company v. Macbrair, 66 Oh Ap 144, 31 N. E. (2d) 172; Penn. Mutual Life Insurance Company v. Mecklenborg, 16 Abs 162.

It has also been held that in any controversy between a former named beneficiary and a new beneficiary, if the in-

surance company interpleads in an action to recover the proceeds of the policy, it thereby waives any interest in the outcome of the action and the cause shall proceed between the respective claimants uninfluenced by any rights or interest of the insurance company. Atkinson v. Insurance Company, supra.

In the instant case the insuring companies interpleaded and paid the amount due under their policies into court. The companies are no longer interested in the outcome of this proceeding. The above cited cases are authority for the proposition that a strict compliance with the terms of the policy with respect to the method of changing the beneficiary is not required, and if the insured, during his lifetime, clearly indicates his intention to change the beneficiary, the consent of the insurance company is not essential. Atkinson v. Insurance Company, supra.

However, the principle of law laid down in the above cited cases does not reach the question presented here. The question is: Can the insured change the beneficiary by a provision in his last will and testament?

Where the insured reserves the right to change the beneficiary, the interest of the beneficiary in the policy is not a vested interest, but only an expectancy during the life of the insured, contingent upon being the beneficiary at the time of the insured's death. If no change is made during the life of the insured, the interest of the beneficiary-designate becomes vested on the insured's death. **Katz v. Ohio Nat'l Bank**, 127 Oh St 531, 191 N. E. 782; Arnold v. Newcomb, supra, at page 586; Vol. 46, C. J. S. page 62. In Vol. 29 Am. Jur. page 952, Section 1276, it is stated that upon the death of the insured without changing the beneficiary in fact or legal effect, the fixed rights of the beneficiary cannot be affected by any subsequent act of the insurer. Payment of fund into Court neither improves or prejudices the legal position of either party. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761. In Miller v. Miller, 200 Iowa 1070, 205 N. W. 870; 43 A. L. R. 567, it was held that the method prescribed in the policy for a change of beneficiary is exclusive and the insured cannot change the beneficiary by will. In Vol. 46, C. J. S., page 85, is found this statement:

"Where the policy prescribes and limits the method of changing the beneficiary, the method prescribed is generally held to be exclusive to the extent that insured may not change the beneficiary by will and thereby dispose differently of the proceeds of the policy."

The precise question presented in the instant case was determined in Aetna Life Ins. Co. v. Mallory, 291 Mich. 701, 289 N. W. 302; Cook v. Cook, 17 Cal. (2d) 639, 111 P. (2d) 322, and Parks' Executors v. Parks, 288 Ky. 435, 156 S. W. (2d) 480. In the Michigan case the court held that the insured did not evidence any intention to change the beneficiary during his lifetime and by will his intention only became effective on his death. In the California case the court held that beneficiaries under a will have no vested rights until the death of the testator; that the right of the beneficiary to the proceeds of a life insurance policy becomes vested upon the death of the insured and no expression in the insured's will purporting to change the beneficiary can be effective. In the Kentucky case the court held that the right of the beneficiary in a policy of insurance is more than a mere expectancy, but that such right is subject to be defeated by the insured by the exercise of his right to change the beneficiary. The court in that case also held that if the insured does all that he could do during his lifetime to change the beneficiary, a court of equity will regard that as done which ought to have been done and will uphold the change of beneficiary even though the insured did not comply with the terms of the policy in that regard. It also held that the rights of a beneficiary under a policy of insurance became vested upon the death of the insured and that a change of beneficiary cannot be effected by will. The court, on page 442, discusses the exceptions:

"There are cases holding that one may effectually dispose of the proceeds of his life insurance by will even though he had specifically named some individual as beneficiary therein. But we apprehend that most of them dealt with policies which contained no restriction on the manner of changing the beneficiary or were benefit certificates of fraternal societies with special regulations, or the named beneficiary predeceased the insured, or there was a failure to draw a distinction between the conditions of the policies."

It must be observed that the law applicable to the payment of proceeds on a policy issued by a benefit society is not applicable to the question presented in the instant case.

It is contended in this case that the insured manifested his intention to change the beneficiary during his lifetime by the execution of his last will and testament. This contention is disposed of by the case of Aetna Life Insurance Company v

Mallory, supra, which is cited in the Parks case, in which the court makes this statement on page 444;

"In that case a year elapsed between the making of the will changing the beneficiary in the policy and the death of the insured, during which time he did not endeavor to communicate such change to the insurance company. It was held that he was presumed to know the law that a will is ineffective until death and that a change in the beneficiary of the policy could not be made then. It was further held that the will itself could not be said to be a present assignment of the policy because a will is revokable and the beneficiaries named in it have no vested rights before the testator's death."

In refusing to apply the equitable principle the court on page 444 said:

"The case at bar is not one where equity should declare done that which ought to have been done by holding the disposition of the will to be a substantial compliance with the conditions of the policies."

The court then, on page 444, states a very practical reason for its holding:

"On the proposition of non-prejudice and actual protection of the companies in the instant case by reason of these proceedings, it may be suggested that the case must be decided by the rule and the rule cannot be altered to fit the case. We cannot declare the law to be that an insured person may have a post-mortem change in the beneficiary, for such rule would not only destroy vested rights but would be perilous to all insurance companies. None could safely pay the proceeds of any policy until the probate of a will was barred by the statute of limitations."

See also Wannamaker v. Stroman, 167 S. C. 484, 166 S. E. 621.

On the effect of the insurance companies interpleading and paying the money into court, the court on page 446 stated:

"The appellants press their contention that all the insurance companies in this case waived their rights in that respect by not having pleaded them and by standing by indifferently, merely seeking the direction of the court as to

the payment of the proceeds either to plaintiffs or to the defendants. * * * But the better reasoning, it seems to us, and the weight of authority are that the rule of waiver does not extend beyond the death of the insured. That the rights of the beneficiaries vest at that time is not open to question. * * *"

The court then cites and quotes from Metropolitan Life Insurance Company v. Jones, 307 Ill. App. 652, 30 N. E. (2d) 937, 939, as follows:

"This position is untenable. When the insurance company was faced with the conflicting claims of defendants, it unquestionably had the right to ask the court by interpleader to determine to which of the claimants the proceeds of the policy rightfully belonged and thereby protect itself against possibility of double liability. It would be a strange doctrine which would permit the insurer to go into court in this manner to protect its own right and by so doing waive the rights of others. The rights of the respective parties to the fund were fixed by law upon the death of the insured and could not be affected by the action of the insurer in bringing the money into court by interpleader in order to be relieved of litigation because of conflicting claims to it."

We revert to a consideration of the first syllabus in Atkinson v. Metropolitan Life Ins. Co., supra, which is as follows:

"Wherein a life insurance policy contains therein written a condition that such 'policy is written with the right of the insured to change the beneficiary', such right is absolute **and may be exercised at any time during the lifetime of the insured** and the consent of the insurance company is not essential thereto." (Emphasis ours.)

We have been able to find only one reported case in Ohio in which this question has been determined. In **Bennett, Exrx., v. Bennett, 70 Oh Ap 187,** 45 N. E. (2d) 614, the first paragraph of the syllabus is as follows:

"Neither the beneficiary of a life insurance policy nor the beneficiary of a joint and survivorship bank account can be changed by a residuary clause in a will."

On page 188 the Court held:

"The evidence before this court justifies the conclusion that the life insurance money paid to the wife in her individual capacity as the named beneficiary in the insurance policy

is not an asset of the estate of her husband, and the provision in the residuary clause of the will which bequeaths to the testator's son and his wife, 'share and share alike, all the residue of * * * (the testator's) estate, both real and personal, including insurance,' does not effect a change of beneficiary. The evidence is conclusive of the fact that no attempt was made by the testator in his lifetime to comply with the terms of the contract of insurance regulating a change of beneficiary. And under such circumstances the general language used in the residuary clause of his will does not effect such a change when at the time of execution and thereafter the contract of insurance was in force."

It is elementary that a will is not effective and does not become operative until the death of the testator. We also find the law to be that the right of the beneficiary to the proceeds of a life insurance policy becomes vested upon the death of the insured. The rights of the plaintiff's decedent, the designated beneficiary in the policies, became vested at the moment that the will of the insured became operative. If we were to hold that the insured may change the beneficiary in a life insurance policy by so providing in his will the effect would be to permit the insured to destroy vested rights. This may not be done. In the instant case, the insured did not manifest an intention by the execution of his will to change the beneficiary in the policies during his lifetime.

The execution of the will in the instant case by the insured, in which he made provision for change of beneficiary of the proceeds of the two life insurance policies in question was not effectual to deprive the person designated in the policies of insurance on the date of his death to the proceeds of said policies. The plaintiff's decedent, being the designated beneficiary in the policies at the time of the insured's death, was entitled to judgment as prayed for.

Judgment reversed.

MILLER, PJ, and HORNBECK, J, concur.