**AETNA LIFE INSURANCE COMPANY,**
a Connecticut corporation, Plaintiff,

v.

Viola H. PARKER and Gladys
Parker, Defendants.

Civ. A. No. 12317.

United States District Court,
E. D. Michigan, S. D.

March 31, 1955.

Gerald E. Schroeder, Detroit, Mich., for plaintiff.

Harold E. Bledsoe, Detroit, Mich., for defendant Viola H. Parker.

James Montante, Detroit, Mich., for defendant Gladys Parker.

FREEMAN, District Judge.

This is an interpleader action filed under Title 28, U.S.C.A. § 1335 by Aetna Life Insurance Company to determine the beneficiary or beneficiaries of a certain group life insurance policy issued to the deceased's employer, Chrysler Corporation, a certificate of participation of which was issued to the deceased. Having paid to the Clerk of this court the sum of $3,600, representing the value of the proceeds of the certificate, a decree of interpleader was entered fully discharging plaintiff from all liability in connection therewith. The precise question presented is whether or not the insured effectuated a change of beneficiary by substantial compliance with the provisions of the policy relating to change of beneficiary.

The facts, as shown by the pleadings and as adduced at the trial on the merits, are as follows: Louis Parker, the deceased, was issued a certificate of participation in a group life insurance policy in the amount of $3,600, which certificate was subject to the terms and conditions of a group policy issued to deceased's employer. In his application for group insurance, the insured specifically designated "Viola H. Parker—Relationship Wife" as beneficiary. From the testimony at the trial and from an examination of a photostatic copy of the certificate of insurance, it appears that the insured, under "Name and Relationship of Beneficiary" and underneath the typewritten name "Viola H. Parker—Wife", printed by hand with a green color lead pencil the name Gladys Parker, and below this the word "Sign" followed by the signature of the insured. It also appears from the testimony that the insured, some time in September, 1951, because of certain marital difficulties, took up residence away from home; that his wife was aware that he had executed the purported change of beneficiary; that he had executed the purported change before he left home, and, hence, about a year before his death. Therefore, the proof clearly does not sustain the allegation of defendant Gladys Parker, insured's sister, that because of the fatal accident the insured was prevented from delivering the insurance certificate to either his employer or plaintiff.

To effectively change the beneficiary of the certificate in question, it was provided by the group policy that:

"An employee, whether or not employment shall have terminated, may designate a beneficiary, or change his designation of beneficiary, from time to time by written request filed at the employment office of the Employer or at the Home Office of the Insurance Company. Such designation or change shall take effect as of the date of the execution of such request, whether or not the employee be living at the time of such filing, but without prejudice to the Insurance Company on account of payments made by it before receipt of such request at its Home Office."

At the outset, the question arises as to whether the insurance company by commencing an interpleader action and paying the proceeds of the policy into court is deemed to have waived com-

pliance with the provisions of the policy respecting change of beneficiary. While there is authority to this effect, Prudential Ins. Co. of America v. Glasgow, 2 Cir., 208 F.2d 908; Phoenix Mutual Life Ins. Co. v. Cummings, D.C., 67 F.Supp. 159; Sbisa v. Lazar, 5 Cir., 78 F.2d 77; United Services Life Ins. Co. v. Farr, D.C., 60 F.Supp. 829; 19 A.L.R.2d 101, this Court believes the better reasoned view, and that most consistent with the holdings in Michigan, is the view enunciated by Judge Starr in Equitable Life Assurance Society v. McClelland, D.C., 85 F.Supp. 688, 694, wherein the Court stated:

"The rights of the beneficiaries named in a life-insurance policy should certainly not be made to depend upon the discretionary election by the insurance company as to whether or not it will begin an interpleader suit to determine who is entitled to the proceeds of the policy. The beginning of a suit to determine the rights of rival claimants and the payment of the proceeds of a policy into court, or the giving of a bond to the clerk of the court, will not change the legal rights of the claimants. Their rights must be determined as of the time of the insured's death and cannot be subsequently changed by the insurer. By beginning suit the insurer does not concede the claim of any particular beneficiary but merely asks the court to determine to whom it should pay the proceeds of the policy. The better view is that the rights of named beneficiaries become vested on the death of the insured and cannot thereafter be affected by any subsequent act of the insurer."

This view seems clearly in accord with that expressed by the Supreme Court of Michigan in Dogariu v. Dogariu, 306 Mich. 392, at page 406, 11 N.W.2d 1. See also Prudential Ins. Co. of America v. Irvine, 338 Mich. 18, 61 N.W.2d 14; Aetna Life Ins. Co. v. Mallory, 291 Mich. 701, 289 N.W. 302; Johnson v. Johnson, 5 Cir., 139 F.2d 930, 151 A.L.R. 268;

Phoenix Mutual Life Ins. Co. of Hartford, Conn. v. Reich, D.C., 75 F.Supp. 886, 894, 19 A.L.R.2d 109.

Therefore, the question to be determined is whether the conduct of the insured, as above indicated, amounted to a substantial compliance with the terms of the policy.

■ This Court is of the opinion that the insured, when he added the name of his sister to the face of the certificate and signed his name immediately below his sister's, intended to make his sister a co-beneficiary to share equally in the proceeds with his wife. While this writing on the policy is not without some ambiguity, and while the Court is mindful of the contention by the sister that the handwritten portions of the certificate should take precedence over the typewritten portions thereof, the Court believes that it would have been a simple matter for the insured to obliterate the name of his wife from the certificate had he not intended her to share with his sister in the proceeds. This conclusion seems inescapable in view of the testimony that the insured made this endorsement on the policy prior to his so-called separation from his wife. But this finding does not settle the question, for it has repeatedly been held that the unexecuted intention by the insured to change a beneficiary will not be sufficient to effect such a change. Gignac v. Columbia Nat. Life Ins. Co., 321 Mich. 201, 32 N. W.2d 442; Ester v. Prudential Ins. Co., 298 Mich. 330, 299 N.W. 96; Aetna Life Ins. Co. v. Mallory, supra; Johnson v. Agricultural Life Ins. Co., 225 Mich. 331, 196 N.W. 187. In addition to the expressed intention of the insured there must be a substantial compliance with the policy provisions to effect a change of beneficiary. Harris v. Metropolitan Life Ins. Co., 330 Mich. 24, 46 N.W.2d 448; Equitable Life Assurance Society of United States v. Hitchcock, 270 Mich. 72, 258 N.W. 214, 106 A.L.R. 591. What then were the formal requirements? Reference to the policy provision, set forth above, indicates that a beneficiary may be changed "by written

request filed at the employment office of the Employer or at the Home Office of the Insurance Company", and it expressly provides that it is immaterial whether such request is filed before or after the death of the insured, such change to be effective "as of the date of the execution of the request".

No special form of request for change of beneficiary is required to be used. Compare Johnson v. Agricultural Life Ins. Co., supra. Endorsement of the change on the policy by the insurer was not a prerequisite to effectuate a change. Compare Dogariu v. Dogariu, supra. Neither was receipt of the request by the insurer prior to the death of the insured a requirement of the policy. Compare Aetna Life Ins. Co. v. Mallory, supra. Acknowledgment of the insured's signature on the request was not a condition. Compare Equitable Life Assurance Society of United States v. McClelland, supra. The only requirement of the policy in the instant case was that the change could be accomplished by "written request" filed any time. What constitutes such "written request" is not spelled out, but rather the term is shrouded with ambiguity by reason of the lack of other formal requirements as were present in the cases above cited. However, the Court is of the opinion that the term "written request" as set forth in the policy means a manifestation in writing of the intention of the insured directed to the attention of the insurer. Since such request need not be filed before the death of the insured, it would seem that any writing by the insured which clearly manifests his intention to change the beneficiary would suffice, so long as there is compliance with the further requirement of filing the same. What amounts to a filing is, likewise, not clear. It does seem clear, however, that the purpose of such requirement was to bring to the attention of the insurer the intention of the insured with respect to a change of beneficiary either prior or subsequent to the insured's death in order that the proceeds be paid to the proper beneficiary. If this be so, then it seems to the Court that there has been a sufficient compliance with the terms of the policy. The writing on the face of the certificate is an expression of the desire of the insured directed to the attention of the insurer respecting the manner in which the proceeds of the policy should be paid to the beneficiaries named therein by the insured. As so placed, it was well calculated to come to the attention of the insurer, and, hence, to amount to a filing of the request. That it would not come to the insurer's attention until after the insured's death was expressly immaterial. That the manner adopted by the insured was somewhat unorthodox cannot be doubted, but nothing in the policy provisions precludes such unorthodox compliance therewith.

The case of Norris v. Norris, 5 Cir., 145 F.2d 99, involved a change of beneficiary under an Aetna group policy with provisions for such change substantially identical with those in the instant case. There the Court held the office memorandum signed by the insured addressed to the insured's employer requesting a change of beneficiary was a "written request" within the terms of the policy, for it clearly and unmistakably evidenced the insured's intention to change the beneficiary of his certificate. There, too, such request was not filed with the insurer until after the death of the insured. While it is true that the request would have reached the insurer had not the insured died suddenly, whereas in the case at bar the insured was still in possession of the request at his death approximately a year after its execution, this fact would not in and of itself prevent there having been compliance with the prescribed mode for changing the beneficiary. The policy specifically provides that to effect a change of beneficiary the written request need not be filed prior to the death of the insured.

It is argued that the failure of the insured for over a year prior to his death to file the request with either his employer or the insurer is evidence of his intention not to change the beneficiary. The answer to this is twofold:

(1) the policy did not require filing the request before the insured's death, and (2) this fact does not, in the opinion of the Court, overcome the trustworthy evidence of the insured's desire as manifested on the face of the certificate. Where the insured takes a positive action which evidences his obvious desire for change of beneficiary, the courts will adopt such construction as will assist in carrying out such intention. Insurance Law and Practice, Appleman, Vol. 2, Sec. 963, p. 382; Norris v. Norris, supra.

Therefore, the Court holds that there has been a compliance with the provisions of the policy relating to change of beneficiary, and, further, that the beneficiary was changed so as to entitle the insured's sister to share equally in the proceeds with his wife.

This view is strengthened by an analysis of the underlying reasons for requiring compliance with the terms of the policy. The terms are for the protection of the insured, the insurer, and the beneficiary from fraud or forgery. Dogariu v. Dogariu, supra; Supreme Lodge Knights of Honor v. Nairn, 60 Mich. 44, 26 N.W. 826. No possibility of fraud or forgery is present here in view of the wife's own testimony wherein she acknowledged the signature involved to be that of her husband, and said she was aware that he had so signed the instrument.

 It is argued by Viola Parker, insured's wife, that the manner prescribed for changing the beneficiary was not by endorsement on the face of the policy, but by written request to the employer or the insurance company; that insured made no attempt to comply with the required procedure and consequently effected no modification of the beneficiary. But this argument begs the question as to whether the conduct of the insured amounted to sufficient compliance with the terms of the policy so as to effectively change the beneficiary. It is further argued that the insured did not intend to comply with the manner provided by the policy, and, hence, did not intend to change the beneficiary. But this does not follow, for it seems clear to the Court that the insured could intend to change the beneficiary without having, at the same time, a specific intent to comply with the appropriate policy provisions. Indeed, he could change the beneficiary, if he so intended, by an unwitting or inadvertent compliance with the terms of the policy. In short, the insured's intention to change the beneficiary is not dependent on his intention to comply with the prescribed mode for so doing. Whether he has complied with the policy provisions is to be determined wholly apart from his intention in that regard.

Accordingly, an appropriate order may be presented.