**Lina MOUKALLED, Plaintiff–Appellant,**

v.

**MINNESOTA LIFE INSURANCE COMPANY, Defendant–Appellee.**

No. 02–2129.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2004.

Before: SUHRHEINRICH and CLAY, Circuit Judges; and GWIN, District Judge.*

PER CURIAM.

Plaintiff–Appellant, Lina Moukalled, appeals from the order of the district court granting summary judgment to Defendant, Minnesota Life Insurance Company ("Minnesota Life"), and denying Plaintiff's motion for summary judgment in this diversity action arising under Michigan law.

Having reviewed the record, the relevant case law, and heard the parties' arguments, we find that the district court adequately and thoroughly addressed all of the issues presented. We pause to comment briefly on the arguments raised in Plaintiff's brief.

To change the designated beneficiary, the policy at issue requires the owner of the policy to file a written request with Minnesota Life, to be recorded in the home office prior to the proceeds being paid out. Great Lakes Color Printing Company is the owner of the policy, and the sole designated beneficiary. As the district court observed, the "post-it" note drafted by Jihad Moukalled and attached to the first page of the policy failed to comply with the procedures outlined in the policy concerning a change of beneficiary because the "post-it" did not indicate that Moukalled was acting in his capacity as President of Great Lakes. Furthermore, the purported change of beneficiary was not directed to Minnesota Life, was not filed with Minnesota Life, and there is no evidence in the record that Moukalled ever requested that it be sent to Minnesota Life. Therefore, the request was not in substantial compliance with the insurance policy's procedures for changing the designated beneficiary. *See Prudential Ins. Co. v. Irvine,* 338 Mich. 18, 61 N.W.2d 14, 18 (1953); *Dogariu v. Dogariu,* 306 Mich. 392, 11 N.W.2d 1, 7 (1943); *Aetna Life Ins. Co. of Am. v. Mallory,* 291 Mich. 701, 289 N.W. 302, 304 (1939); *Reed v. Metropolitan Life Ins. Co.,* 269 Mich. 26, 256 N.W. 610, 612 (1934); *see also Aetna Life Ins. Co. v. Weatherford,* No. 90–5585, 1991 WL 11611 (6th Cir. Feb.5, 1991) (unpublished) (holding that change of beneficiary was not effective, although signed and dated by policyholder, because the policyholder failed to list a beneficiary, did not have it witnessed as required by the policy, and did not mail or otherwise deliver the form to the insurance company).

Although Minnesota Life concedes that it did not present one of the arguments that the district court relied on, namely that Moukalled lacked the authority to change the beneficiary absent an indication that he was acting on behalf of the corporation, the district court also relied on several arguments actually raised by Minnesota Life. In any event, Plaintiff initially placed the sufficiency of the "post-it" in issue. The cases Plaintiff cites, *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983) (holding that a court's *sua sponte* dismissal of a complaint on the merits prior to service of the complaint, notice of intent to dismiss, or opportunity to amend was improper), and *Scott v. Collins,* 286 F.3d 923 (6th Cir.2002) (holding that the lower court

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

erred in *sua sponte* relying on a waivable affirmative defense, statute of limitations, that had not been pled), are inapposite. Furthermore, this Court has held that "[a] court is not confined to the particular propositions of law advanced by the parties on a motion for summary judgment." *Ware v. Trailer Mart, Inc.,* 623 F.2d 1150, 1154 (6th Cir.1980) (citing 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil § 2725). While "a court should be cautious in this situation inasmuch as there is a greater possibility of error when the opposing party, who may be able to demonstrate that a genuine issue exists, has not done so." courts are not restricted to the reasons advanced by the party seeking judgment. 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil § 2725. The district court considered all the evidence in the record submitted by both parties, and Plaintiff has not pointed to any evidence in addition to that relied upon by the district court that would change the result reached.

Plaintiff also argues that the district court impermissibly made factual determinations. Plaintiff relies on the district court's statements in footnote 5 of its opinion and order. Specifically, Plaintiff contends that the district court's ruling that "Decedent was highly proficient in English language" was a jury question. This comment, made in a footnote, is not set forth as one of the dispositive, undisputed facts in this case, and is dicta.

In sum, the district court did not err in granting summary judgment in favor of Minnesota Life. We therefore **AFFIRM** the judgment of the district court for the reasons set forth in its August 19, 2002 opinion and order.