**UNITED SERVICES LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Ella Kathleen McLamb MOSS and Betty L. Barlow Moss Yates, Defendants. Civ. A. No. 68–C–10–H.**

United States District Court
W. D. Virginia,
Harrisonburg Division.

July 3, 1969.

W. W. Wharton, Wharton, Aldhizer & Weaver, Harrisonburg, Va., for plaintiff.

T. Brooke Howard, Howard, Morris, Hancock, Mains & Howard, Alexandria, Va., for Ella Moss.

W. J. Phillips, Front Royal, Va., for Betty Yates.

## OPINION and JUDGMENT

DALTON, Chief Judge.

The plaintiff, an insurance company incorporated under the laws of the District of Columbia and with its principal place of business therein, brings this action of interpleader against the defendants, both residents and citizens of Virginia. The plaintiff issued a policy of insurance on the life of Robert E. Moss. There were two change of Beneficiary and Agreement for Payment of Policy Proceeds forms introduced into evidence. The first is not challenged as being invalid. The second was purportedly signed by Robert Moss in Rotterdam, Netherlands making Robert's second wife, Ella Kathleen McLamb Moss, the beneficiary. This policy was held by Robert for a period of over two years and was never returned to the plaintiff for endorsement. Both defendants, Betty L. Barlow Moss and Ella Kathleen McLamb Moss, have made claims against the plaintiff insurance company for the proceeds of the policy on the life of the deceased, Robert E. Moss. The plaintiff is without knowledge or information sufficient to enable it to determine the validity or superiority of the claims of the defendants. Upon the institution of this proceeding the plaintiff has deposited and paid into the registry of this court the sum of $21,–

179.71, being the sum due on the policy. It has been ordered that the defendants, Ella Kathleen McLamb Moss and Betty L. Barlow Moss Yates, interplead in this action to determine to whom the $21,179.71 belongs. It has been further ordered that the plaintiff is discharged from liability on the policy in question and that both defendants are perpetually enjoined and restrained from making any further claim against the plaintiff on account of this policy or anything growing out of the same. This is an equitable interpleader action where there is diversity of citizenship between the plaintiff stakeholder and the defendant claimants. 28 U.S.C. § 1332 (1964); John Hancock Mut. Life Ins. Co. v. Kraft, 200 F.2d 952 (2nd Cir. 1953).

In 1958, Robert Moss purchased a policy of life insurance (the policy now in question) with a face value of $20,-000.00 from the plaintiff, the United Services Life Insurance Company. Betty L. Barlow Moss, his wife at that time, was made the beneficiary in the policy and any children born of the marriage or adopted by them were the contingent beneficiaries. The right to change the beneficiary was reserved to Robert Moss. Robert Moss had another policy with the Prudential Life Insurance Company on his life with his wife Betty being made the beneficiary.

In 1963 Robert and Betty Moss obtained a divorce in Indiana, although their home was in Front Royal, Virginia. The divorce decree awarded custody of their one son, Michael, who was then eight years old, to his mother. Approximately three months after they were divorced, Robert requested that his former wife Betty deliver to him the two existing policies on his life, which were then in her possession. She says that at the time he made this request he did so in order to notify the United Services Life Insurance Company that he intended to change the family plan in that policy because he was divorced (this being the policy in issue). Robert did cancel the Family Insurance Benefit provision at this time and also executed a

Change of Beneficiary and Agreement For Payment of Policy Proceeds form, having it properly endorsed by the company. This form left his former wife Betty as the beneficiary. It further made their son Michael the contingent beneficiary with the proceeds to be held in trust if Michael was a minor when the policy became payable to him. Betty as beneficiary is prohibited from withdrawing more than $2,500 in any one year.

On April 7, 1965, Robert Moss married Ella Kathleen McLamb. In June of 1965 they were transferred to Rotterdam, Netherlands. Robert wrote to the United Services Life Insurance Company requesting the necessary form to change the beneficiary on the policy now in issue. Ella Kathleen Moss has testified that she filled in this form on June 14, 1965, for her husband and that he signed it at this time. On May 27, 1965, the company had sent a letter to Robert Moss requesting him to send in the completed form and explaining that "Until the necessary requirements are received the existing beneficiary designation and method of payment will remain in effect." The policy of insurance itself states:

> Unless otherwise provided, any beneficiary named herein may be changed at any time on written notice thereof filed at the Home Office of the Company. Such change shall take effect only upon its endorsement on the policy by the Company but upon such endorsement, the change will relate back to and take effect as of the date said written notice of change was signed whether the Insured be living at the time of such endorsement or not, but without prejudice to the Company on account of any payment made by it before receipt of such written notice at its Home Office.

This form was never mailed to the company and was discovered among Robert's personal papers by his widow, Ella Kathleen Moss, after his death. Robert Moss' purported signature has been overwritten by someone for reasons

that are still unknown. Two handwriting experts have testified that the overwritten signature was not that of Robert Moss. One has testified that the original underwritten signature was the authentic signature of Robert Moss and the other has testified that it was not.

In May, 1966, Robert and his wife, Ella Kathleen Moss, visited his mother. His mother testified that she talked with her son about setting up a trust for Michael. She further testified that he at this time told her that Betty will have "all the money she will need. * * * She will have $2,000 a year besides what she gets from the government."

Robert's mother saw him for the last time while visiting at his home in Newport News, Virginia in March, 1967. At this time she asked Robert about Michael's education should anything happen to Robert. She testified that he said, "There is $2,000 a year for insurance plus what she [Betty] will get will be all she needs to send Michael anyplace he needs to go."

The United Services Life Insurance Company has issued another policy of life insurance to Robert in the amount of $10,000.00, naming his wife, Ella Kathleen Moss, as the beneficiary. On February 12, 1968, a dividend notice was sent to Robert on the policy in question. Only by reference to the policy number was it ascertainable on which policy the dividend was being paid. Robert sent this notice on to his wife, Ella Kathleen Moss, after writing on it, "File with the insurance policy (you get richer by the year)."

There are two questions presented to the court by this case. The first is a question of fact—Was the signature on the second Change of Beneficiary form the authentic signature of Robert E. Moss. The second is a mixed question of law and fact—Was there sufficient action taken by Robert Moss under the terms of the insurance policy to make this form a valid change of beneficiary.

This court is of the opinion that the signature on the Change of Beneficiary form dated June 14, 1965, was not the authentic signature of Robert Moss. The burden of proof rests upon the party who as determined by the pleadings or the nature of the case, asserts the affirmative of the issue. Lilienthal's Tobacco v. United States, 97 U.S. 237, 24 L.Ed. 901 (1877). The burden of proof in this instance is on the widow to prove that this was the true signature of Robert Moss. Ella Kathleen Moss has not established to the satisfaction of this court that it is more likely than not that this was in fact the signature of Robert Moss.

Whether or not the first question is answered in the affirmative or negative makes no difference to the final disposition of this case. The second question is the controlling one, and as to this we hold that Robert Moss did not do all that was required of him by the insurance policy or by law in order to effectively change the beneficiary. (For purposes of answering the second question, the court will assume that Robert Moss did sign the Change of Beneficiary form.)

There is a difficult question here of whether the law of Virginia or that of the District of Columbia applies. The court holds that the law of Virginia applies because the contract was apparently entered into in Virginia and to be performed in Virginia. Mutual Life Ins. Co. of New York v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398 (1934). It should be noted that this is a moot question since the law of both jurisdictions is apparently the same in this area.

As to the law, there has been no Virginia case in point but the court believes Virginia would follow the great weight of authority in holding that: "* * * it must appear (1) that the insured had determined to change the beneficiary and (2) that he had done everything to the best of his ability to effect the change." Tomaneng v. Reeves, 180 F.2d 208, 209 (6th Cir. 1950); Mitchell v. United States, 165

F.2d 758, 2 A.L.R.2d 484 (5th Cir. 1948); Prudential Ins. Co. of America v. Moore, 145 F.2d 580 (7 Cir. 1944) cert. den., Moore v. Moore, 324 U.S. 849, 65 S.Ct. 686, 89 L.Ed. 1409 (1945). This is the most liberal view that any court has adopted regarding a change of beneficiary. This view is based on equitable principles. Equity regards that as done which should have been done and if the insured has done all he could to comply with the provisions of the policy, equity will give effect to the intent of the insured.

■ First, it must appear that the insured had determined to change the beneficiary. This intent on the part of Robert Moss is not clearly manifested in this case. Robert Moss had filed a Change of Beneficiary form before and was aware that the policy must be returned to the company for its endorsement. In fact the United Services Life Insurance Company had informed him of this only a few weeks prior to the purported signing of this Change of Beneficiary form. In Sun Life Assur. Co. of Canada v. Secoy, 72 F.Supp. 83 (N.D. Ohio 1947), the court concluded that the assured had not definitely determined to effectuate a change since he did not send in the forms to the company and knew that such a procedure was necessary. Here, we have the same situation and this court holds that the insured had not determined to change the beneficiary.

The second part of the test is whether the insured had done everything to the best of his ability to effect a change. The court holds that he had not. In Reid v. Durboraw, 272 F. 99 (4th Cir. 1921) the insured wished to change the beneficiary in his life insurance policy and wrote to his agent stating that he wanted this change to take effect "today, June 16, 1918." The company's general agent wrote to the insured and enclosed blanks for the insured to sign, adding that the desired change would not be made until these were returned with the policy. The blanks were packed in baggage while moving and were stored the entire summer. The insured made a premium payment in August, 1918 stating he could not send the forms for a few weeks and trusted that this was of "no particular consequence." On September 23, 1918, the insured signed the forms and had them properly witnessed, but failed to send them in. He died November 3, 1918. Twelve days later his widow sent these forms to the company. The court in this case said no reasonable effort was made to exercise the power of changing the beneficiary in the method contracted for.

This case clearly points out that the courts will not complete for an individual that which he reasonably and without justifiable excuse could have accomplished. The change is generally held to be effective where the failure to deliver the policy for endorsement to the insurer is due to the fact that it is lost, destroyed or otherwise inaccessible to the insured. Also, the change is held to be effective where the forms and policy are sent in but not endorsed before the insured dies. Where the failure to deliver the policy is due to the insured's negligence or remains unexplained, the attempted change is held not to be effective.

■ Robert Moss held this form and the policy for over two and a half years without sending them to be endorsed. The failure to deliver these being unexplained, the court holds that the change was not effective.

■ Finally the court would like to point out that the relation back clause in this policy regarding a change of beneficiary has no effect on the outcome of this case. This clause enables an insurance company to allow a change of beneficiary after the death of an insured. It does not give the company any authority to change the beneficiary where these two tests of law regarding such changes have not been complied with.

According to the foregoing reasons, it is ordered that Betty L. Barlow Moss Yates be given the rights she is entitled to as beneficiary under the insurance policy.