**PRUDENTIAL INSURANCE COMPANY, Plaintiff,**

**v.**

**Aleene T. KING, Pamela Nicholson Coleman, Judy C. Crick, Merlin C. Silvey and Louise Silvey, Defendants.**

**Civ. A. No. 17099–3.**

United States District Court, W. D. Missouri, W. D.

Dec. 22, 1970.

As Amended April 7, 1971.

See also D.C., 308 F.Supp. 1143.

Milton C. Clarke, Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, Mo., for plaintiff.

Frank Brockus, Kuraner, Oberlander, Dingman, Brockus & Lowe, Kansas City, Mo., for defendant Aleene T. King.

Leroy Crouther, Jr., St. Louis, Mo., for defendant Louise Silvey.

William A. Jolley, Jolley, Walsh & Gordon, Kansas City, Mo., for defendant Merlin C. Silvey.

M. Randall Vanet, McLaughlin & Vanet, Kansas City, Mo., for defendant Judy C. Crick.

Duke W. Ponick, Jr., Morris, Foust, Moudy & Beckett, Kansas City, Mo., for defendant Pamela Nicholson Coleman.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT

WILLIAM H. BECKER, Chief Judge.

This is an action under the Federal Interpleader Act, Section 1335, Title 28,

U.S.C., in which the defendants claim various interests in $10,000, the death benefits of a policy of life insurance issued by plaintiff upon the life of Harold R. Silvey, who was killed in action while a member of the Armed Forces of the United States. Plaintiff has paid the death benefits of the policy into Court and has been discharged by the interlocutory order of interpleader and judgment of discharge reserving an obligation of plaintiff to respond to discovery requests of defendants. The controversy among the defendants was then tried by the Court without a jury on April 28, 1970. The facts are found as follows.

On November 28, 1967, Harold R. Silvey, deceased, was a member of the Armed Services of the United States on active duty. On the same date Silvey executed DA Form 3054, an Election of Amount, Beneficiary Designation and Settlement Options for Servicemen's Group Life Insurance, designating defendants Pamela Nicholson Coleman and Judy C. Crick (neither of whom is kin by blood or marriage to the insured) each as beneficiary of 50% of the benefits of the life insurance policy issued by plaintiff as the insurer of Servicemen's Group Life Insurance. Thereafter, Silvey, who had been born on July 14, 1948, and who had never married, was killed in military action in Viet Nam on July 3, 1968. At the time of Silvey's death, his father, defendant Merlin C. Silvey, and his mother, defendant Aleene T. King, who were divorced, survived him. On August 30, 1968, defendant Judy C. Crick filed a VA Form 29–8283, Claim for Death Benefits (Servicemen's Group Life Insurance), in the of-fice of Servicemen's Group Life Insurance, 212 Washington Street, Newark, New Jersey 07102. On September 10, 1968, defendant Pamela Nicholson Coleman filed a similar claim on VA Form 29–8283 in the same office. On September 12, 1968, defendant Aleene T. King, deceased's mother, filed a suit against plaintiff in Division 1 of this Court claiming the proceeds of the policy. Other persons also made claims to the proceeds of the life insurance policy prior to the trial of this cause on April 28, 1970,[1] but they did not participate in the trial and announced prior to trial that they did not intend actively to participate or pursue their claims. Further, defendant Merlin C. Silvey executed an assignment of any interest which he might have to defendant King, mother of the insured. This assignment was introduced in evidence at the trial of this cause. Therefore, the controversy has resolved itself into one between defendant King, insured's mother, and the defendants Coleman and Crick, named by the deceased as beneficiaries in the DA 3054 Form. The defendant King was the only party to offer oral testimony at the trial.

Mrs. King testified without contradiction that she had obtained the sole legal custody of the insured, Harold R. Silvey, by decree of the Circuit Court of St. Francois County, upon her divorce from his father, Merlin Silvey; that Merlin Silvey, the father, was ordered to pay child support (for the deceased and two other sons) by the judgment in the divorce action, but that he paid nothing for child support in 1953 or thereafter; that defendant King provided the insured's sole support from 1953 to 1965;[2] that

---

1. In addition to defendants Coleman, Crick and King, these claimants included Merlin C. Silvey and Louise Silvey, stepmother of the deceased.

2. Mrs. King gave extensive testimony on the amounts which she had contributed to the support of the deceased after her divorce from Merlin Silvey. She testified that Merlin Silvey contributed nothing to the deceased's support in 1953; that she earned $2100 in that year and contributed $525 to the support of the deceased; that she earned $2100 in 1954 and contributed, again, $425 to the support of the deceased; that in 1955, she earned $1475 and contributed $394 to the support of Harold Silvey; that from August 1955 to September 30, 1955, she was married to Mr. King, who contributed $400 to Harold's and Mrs. King's support; that in 1956, she continued to be married to King and did no outside

the insured entered the service without her knowledge or consent in March 1966; that she received a letter from the insured in March 1966, informing her that he had joined the Army; that she subsequently continued to receive letters from him through the date of May 23, 1968;[3] and that she had received an assignment of any rights in the policy here litigated from the defendant Merlin Silvey.

Defendants Coleman and Crick, who did not personally appear, through their respective counsel offered evidence of the claims executed by each of them on VA Forms 29–8283 and also offered the DA Form 3054 executed by deceased purportedly designating them as beneficiaries of his policy.

Defendants Coleman and Crick, however, did not offer any oral testimony in the trial of this cause, but rather rested on the record at the conclusion of the case presented by defendant Aleene T. King and the presentation of the documents noted above.

For the reasons hereinafter stated in detail, judgment should be entered for defendant King because:

(1) The defendants Coleman and Crick relied upon a claimed divestiture of the parents as statutory beneficiaries of the insured's Servicemen's Group Life Insurance by a beneficiary designation on DA Form 3054 which was defective in that it was not executed in accordance with the policy and the governing Army Regulations; and

(2) The defendants Coleman and Crick failed to produce evidence to show that the insured, in using the unauthorized DA Form 3054, intended to change the beneficiaries by divesting the statutory beneficiaries of their right to the proceeds of his Servicemen's Group Life Insurance; and

(3) The defendants Coleman and Crick failed to produce evidence to show that it was not practicable for the insured to use the correct

---

work; that King contributed $400 per month from April 30, 1956, to December 31, 1956, to her household, and that she in turn devoted $853 thereof to Harold Silvey's support; that in 1957, King contributed $800 for Harold; that in October 1958, she separated from King, who contributed to her $2688 from March 1, 1958, to October 1, 1958, $538 of which she in turn contributed to Harold; that she then earned $780 for the last three months of 1958, contributing $156 thereof to Harold's support; that she also received $240 in child support in that year which she contributed to Harold, making her total contribution to Harold in 1958 $934; that she earned about $3500 in 1959 and contributed $896 to Harold; and that she then contributed $928 in 1969; $1160 in 1961; $1160 in 1962; $900 in 1963; and $969 in 1964.

3. Evidence of this is found in the stipulation of May 29, 1969, which was admitted in evidence during the trial of this cause on April 28, 1970. The stipulation shows the receipt by defendant King of the following letters:

"G. Defendant King's Ex.–2–Letter from Harold Silvey to Mrs. Aleene Wade postmarked Augusta, Georgia, April 6, 1966. Said letter being handwritten by the decedent and signed 'Harold Ray.'

H. Defendant King's Ex.–3–Typewritten letter written by Pvt. Harold R. Silvey, August 3, 1966, at Fort Polk, Louisiana and addressed to Mrs. Aleene Wade and signed 'Harold Ray.'

I. Defendant King's Ex.–4–Handwritten letter bearing no date but attached to envelope postmarked Howard Air Force Base, C. Z., November 23, 1966, addressed to Mrs. Aleene Wade and signed 'Harold Ray.'

J. Defendant King's Ex.–5–Handwritten letter bearing no date but attached to envelope bearing postmark 'Air Force Postal Svc' dated March 22, 1968, bearing signature 'Harold' addressed to Mrs. Aleene King with return address of Sp/4 Silvey, RA 16866447, APO San Francisco, 96383.

K. Defendant King's Ex.–6–Handwritten letter bearing no date but attached to envelope bearing postmark 'Army & Air Force Postal Service' 21 April 1968 addressed to Mrs. Aleene King bearing return address of SP/4 H. Silvey, APO San Francisco, 96383."

form to designate them as the beneficiaries of his life policy, as required by the governing regulations.

The order of preference of beneficiaries in respect of Servicemen's Group Life Insurance is found in Section 770 of Title 38, United States Code, which reads as follows:

"First, to the beneficiary or beneficiaries as the member may have designated by a writing received in the uniformed services prior to such death;

"Second, if there be no such beneficiary, to the widow or widower of such member or former member; .

"Third, if none of the above, to the child or children of such member or former member and descendants of deceased children by representation;

"Fourth, *to the parents of such member or former member or the survivor of them;*

"Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such member or former member;

"Sixth, if none of the above, to other next of kin of such member or former member entitled under the laws of domicile of such member or former member at the time of his death." (Emphasis added.)

In respect of change of beneficiary with general reference to Government life insurance policies, Section 749 of Title 38, United States Code, provides as follows:

"Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries of a United States Government life insurance policy without the consent of such beneficiary or beneficiaries."

Pursuant to the above statute, the following regulation was issued by the Administrator:

"The insured shall have the right at any time, and from time to time, and without the knowledge or consent of the beneficiary to cancel the bene-ficiary designation, or to change the beneficiary, but a change of beneficiary to a person not within the permitted class of beneficiaries set forth in § 8.46 shall not be effective as to insurance which matured prior to August 1, 1946. A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans' Administration by the insured or his agent, and must contain sufficient information to identify the insured. *Whenever practicable such notices shall be given on blanks prescribed by the Veterans' Administration.* Upon receipt by the Veterans' Administration, a valid designation or change of beneficiary shall be deemed to be effective as of the date of execution: *Provided,* That any payment made before proper notice or designation or change of beneficiary has been received in the Veterans' Administration shall be deemed to have been properly made and to satisfy fully the obligations of the United States under such insurance policy to the extent of such payments." 38 C.F.R. § 8.47-1. (Emphasis added)

As stipulated and shown in the record, decedent made his designation of defendants Pamela Nicholson Coleman and Judy C. Crick as principal beneficiaries of the life insurance policy (to receive $5,000 each) on DA Form 3054, entitled "Election of Amount, Beneficiary Designation and Settlement Options for Servicemen's Group Life Insurance" on November 28, 1967. Army Regulation No. 608-2, "Personal Affairs, Servicemen's Group Life Insurance," provides as follows at paragraph 24(b) (3):

"It is emphasized that a beneficiary designation for death gratuity and unpaid pay and allowances on DA Form 41 (Record of Emergency Data) does not constitute a beneficiary designation for Servicemen's Group Life Insurance. *VA Form 29-8286,* Servicemen's Group Life Insurance (Part I) will be used to designate beneficiaries for this insurance. The form will be

prepared in triplicate and copies will be distributed in accordance with paragraph 20 of this regulation." (Emphasis added.)

Further, it is provided in paragraph 24 (a) of the same regulation that, in the absence of any designation of beneficiary:

"The amount of insurance in force on the date of death will be paid to the person or persons surviving the insured member in the following order of preference:

\* \* \* \* \* \*

"(2) To the widow or widower of the member; if none, then

"(3) To the child or children of the member, with the share of any deceased child to be distributed among the descendants of that child; if none, then

"(4) *To the parents in equal shares or all to the surviving parent* \* \* \*." (Emphasis added.)

The same order of preference is set out in § 770 of Title 38, United States Code, quoted above. Any change in this statutory scheme or cancellation of a beneficiary designation should be made, under the provisions of paragraph 26 of AR 608–2, on VA Form 29–8286.

■ Army Regulation No. 608–2 is dated April 7, 1967. DA Form 3054, relied on by defendants Coleman and Crick, is dated October 1, 1965. It thus appears that the deceased, Harold R. Silvey, made the designation of defendants Pamela Nicholson Coleman (then Pamela Nicholson) and Judy C. Crick as beneficiaries on November 28, 1967, on a form which had been rendered obsolete and inoperative, in the absence of a special showing, by the provisions of the intervening Army Regulation No. 608–2. Above the signature line on DA Form 3054, the following statement is contained:

"I have been advised of the provisions of Public Law 89–214, which insures me for $10,000 \* \* \*."

Public Law 89–214 (Section 765 et seq., Title 38, United States Code) in turn provides, in part, at Section 770, that a beneficiary designation may be made "by a writing received in the uniformed services prior to \* \* \* death." The reverse side of VA Form 29–8286 contains the following:[4]

"Do not complete this form unless you wish to change the automatic features of the Servicemen's Group Life Insurance.

"The automatic features provide $10,-000 life insurance with payment in a lump sum to your survivor(s) in the following order:

1. Widow or widower; if none, it is payable to

2. Child or children in equal shares with the share of any deceased child distributed among the de-

---

4. Defendants Coleman and Crick have objected to the consideration by the Court of the contents of VA Form 29–8286, complaining that it had not been entered in evidence by any party in this action. It is well established by now, however, that facts "capable of accurate and ready demonstration" may be judicially noticed. McCormick, Evidence § 325, p. 691. See also Rule 2–01, Proposed Rules of Evidence, 46 F.R.D. 195 et seq. More specifically, "Many cases have recognized that a Court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority." International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Zantop Air Transport Corp. (C.A.6). 394 F.2d 36, 40, and cases therein cited. The VA form in this case has been issued pursuant to the regulation and statutes which govern the issues joined in this case. Although given an opportunity to do so, defendants Coleman and Crick did not question the authenticity, genuineness or accuracy of the form in the respects quoted by the Court. Further, the issue on which the contents of the form are considered is one on which the defendants Coleman and Crick have not sustained their burden of proof. Therefore, even if improperly judicially noticed, consideration of the contents of the form is harmless, under the circumstances of this case.

scendants of that child; if none, it is payable to

3. Parent(s) in equal shares; if none, it is payable to

4. A duly appointed executor or administrator of the insured's estate, and if none to

5. Other next of kin.

"If you do not want your insurance paid as provided above and want to change any of the automatic provisions, complete the appropriate block on the face of this form."

In contrast, DA Form 3054 only states:

"The law provides that if I do not designate a beneficiary, payment will devolve, in the following order: to my wife, children in equal shares, and parents in equal shares."

In addition to not making it clear that such designation divests the statutory beneficiaries, this description makes it appear that all beneficiaries, named and statutory, share in the death benefits of the life policy.

5. The importance generally in insurance law of obtaining at least the "particular form required by the regulation" as the first step necessary to changing or designating a beneficiary is noted in Collins v. United States (C.A.10) 161 F.2d 64, cert. denied 331 U.S. 859, 67 S.Ct. 1756, 91 L.Ed. 1866, in which the obtaining of such, filling it out and directing the beneficiary to mail it to the VA was found to be substantial compliance with the regulations for change of beneficiary in National Service Life Insurance under the National Service Life Insurance Act of 1940, § 802(g), Title 38, U.S.C., even though the regulation requiring mailing of it to the VA during the insured's lifetime was not literally complied with. In Aetna Life Ins. Co. v. Parker (E.D. Mich.) 130 F.Supp. 97, it was held that an endorsement of a beneficiary's name on the insurance policy was sufficient to make the change, even though the policy required notification of the company by "written request." But no form of request was particularized by the policy nor was it stated in the policy that the written request had to be received prior to the insured's death. In the applicable Army Regulations in this case, however,

*Principles Governing Divestiture of Statutory Beneficiaries and Designation of other Beneficiaries*

■ 1. An alleged divestiture of statutory beneficiaries and designation of other beneficiaries which is not executed in accordance with the form required by the regulations governing Servicemen's Group Life Insurance is ineffective in the absence of a showing:

(a) of a clear intent to divest the statutory beneficiary in favor of others and

(b) that it was impracticable to execute the designation of beneficiaries in the form and manner required by the applicable regulations.[5]

■ 2. The burden of producing evidence to show an effective divestiture of statutory beneficiaries and designation of other beneficiaries by an unauthorized form was clearly intended by the insured and that it was impracticable under the circumstances for the insured to use the proper form rests on the allegedly newly designated beneficiaries.[6]

the form is particularized and the importance of using the particular form is pointed out in ¶ 24(3) of the regulation wherein it is stated and "emphasized that a beneficiary designation for death gratuity and unpaid pay and allowances on DA Form 41 (Record of Emergency Data) does not constitute a beneficiary designation for Servicemen's Life Insurance" but that only VA Form 29–8286 does.

6. Further, the importance of using VA Form 29–8286 after the effective date of the Army Regulation is perhaps supported by a parallel Air Force Regulation, AFR 211–5, which at ¶ 15(d) states that all "interim forms" are superseded by VA Form 29–8286 and that those who used the interim forms should be required to complete a VA Form 29–8286:

"Members who used an interim form to make elections or designations, and members who have not completed a form of any kind, will be required to complete VA Form 29–8286 at the time of the annual records review. The VA Form 29–8286 will replace any interim form previously used."

## "Clear Intent"

■ In respect of Servicemen's Group Life Insurance, it has been held that a serviceman need not comply literally with change of beneficiary requirements and regulations relating to the policy, but that he must have a "manifest intent" to make the beneficiary designation in the absence of literal compliance. Davenport v. Servicemen's Group Life Ins. Co., 119 Ga.App. 685, 168 S.E.2d 621.[7] In Stribling v. United States (C.A.8) 419 F.2d 1350, affirming (E.D.Ark.) 293 F.Supp. 1293, the Eighth Circuit Court of Appeals rejected the "liberal policy" with respect to the explicit requirement in Section 770, *supra*, that the writing changing the beneficiaries be received in the uniform services prior to death. See 419 F.2d 1352. The requirements of Section 749 of the same title (making change of beneficiary in any "United States Government life insurance policy" "subject to regulations") and of the applicable regulation promulgated thereunder, 38 C.F.R. § 8.47–1 (requiring the change to be on VA forms "whenever practicable"), however, are explicit and valid. Therefore, it will be assumed that the "liberal policy" still applies with respect to compliance with those provisions. This liberal or "equitable rule" provides that, if an insured has (1) determined (clearly intended) to change the beneficiary and (2) has performed an affirmative overt act evidencing the intention to change or designate the beneficiary, the law will regard as done that which should have been done and deem the change or designation to have been effectively made. Stribling v. United States, *supra*, 293 F.Supp. at 1297, where it is said of § 749, *supra:*

> "The courts have given liberal construction to the above section based

primarily on the fact that it is administered pursuant to an administrative regulation. It has been consistently held that on the question of a change in beneficiary of the government insurance * * * such as National Servicemen's Life Insurance that the intention of the serviceman, together with an overt act evidencing the intention, is sufficient to satisfy the requirements of the regulation."

See also Breckline v. Metropolitan Life Ins. Co., 406 Pa. 573, 178 A.2d 748, 2 A.L.R.3d 1135, holding that policy provisions and administrative regulations relating to change of beneficiary may be disregarded when there is a clear intent and an affirmative act of the insured, but that statutory, "substantive" provisions may not be disregarded. See also (pertaining to National Service Life Insurance, which is also governed by § 749 in respect of change or designation of beneficiary), Benard v. United States (C.A.8) 368 F.2d 897, and cases therein cited; Mitchell v. United States (C.A.5) 165 F.2d 758. Even under this liberal rule, however, it must first appear that the insured had clearly intended to change or designate beneficiaries. Benard v. United States, *supra;* Spaulding v. United States (W.D.Okl.) 261 F.Supp. 232; 2 A.L.R.2d 484.

■ With regard to insurance generally, it is held that a "liberal construction should be given to the policy provisions regarding a change of beneficiary if the intent of the insured is clear and the insured did all reasonably within his power to effectuate the change." Dalton v. LeBlanc (C.A.10) 350 F.2d 95, 96–97. In respect to National Service Life Insurance, it has been held that "[t]he courts will brush aside all legal technicalities to effectuate the manifest inten-

---

Obviously, the use of any "interim form" initially after the effective date of such regulations would not, in the strict sense, effect a change or designation of beneficiary.

7. This represents, in general insurance law, the "equitable" rule. The strict rule is that when the insurance contract

specifies a method for the changing of a beneficiary, a change of beneficiary can ordinarily be accomplished only in the manner provided in the policy and an attempt to make a change or designation in any other manner is ineffective. Roberts v. Johnson (C.A.10) 212 F.2d 672, 674; cf. Franck v. Equitable Life Ins. Co. (C.A.8), 203 F.8d 473.

tion of the insured." Spaulding v. United States, *supra*, 261 F.Supp. at 236, and cases therein cited. But, in the case at bar, in which the deceased is not shown to be unaware that, under the applicable army regulations, a designation of beneficiary was to have been made on VA Form 29–8286, his making beneficiary designations on DA Form 3054 should not be found to be evidence of his clear intent to make a beneficiary designation of the defendants Coleman and Crick and to deprive his parents, the statutory beneficiaries, of any benefits. No evidence has been produced to show that when he signed DA Form 3054 the insured knew that he was electing to deprive the statutory beneficiaries of the death benefits which might accrue. As noted above, DA Form 3054 does not contain any advice that it may have this effect, as does the later authorized VA Form 29–8286. Further, no evidence has been produced to show that it was not then "practicable" to use the required VA Form 29–8286.

■ It is also fundamental that an insured is presumed to know the terms of his insurance policy, and has the duty to read and know the contents thereof, "and is bound by the legal effect of its terms and provisions." Dalton v. LeBlanc, *supra*, 350 F.2d at 97. The case at bar is similar to those in which the insured does not send in a completed change of beneficiary to the insurer for its endorsement as required by the policy. In those cases it is held that no intent to change a beneficiary is manifested since the omitted procedure was presumably known by the insured to be necessary to change the beneficiary. United Services Life Ins. Co. v. Moss (W.D.Va.) 303 F.Supp. 72, 76; Sun Life

Assur. Co. of Canada v. Secoy (N.D. Ohio) 72 F.Supp. 83. In Aetna Life Insurance Co. v. Parker (W.D.Mich.) 130 F.Supp. 97, it was held that attempting to change a beneficiary in a manner other than that prescribed in the insurance contract could not of itself disprove intent to change the beneficiary. Nor can such an attempt be deemed controlling evidence of a clear intent to change or designate a beneficiary. United Services Life Ins. Co. v. Moss, *supra*; Sun Life Assur. Co. of Canada v. Secoy, *supra*. This is particularly true in the case at bar, in which, in contrast to Parker, *supra*, VA Form 29–8286 was clearly prescribed by the applicable army regulation as the proper form. The regulation carefully provided that only VA Form 29–8286 would be effective to change the beneficiaries by distinguishing that form from DA Form 41 and from wills and stating that the other forms are ineffective to change a beneficiary.[8] The same regulation also provides at ¶ 17(a) that "[t]he rights, benefits and privileges available under SGLI will be explained to members entering on active duty" and at ¶ 19(a) and (b) that on being alerted for overseas duty members will be advised of the order of preference for payment of SGLI benefits and those who have designated beneficiaries "will be advised to review such designations and to submit a change or cancellation of beneficiary designation (VA Form 29–8286), if necessary, to assure that the insurance proceeds will be paid in accordance with the member's desires."[9] Under these circumstances, it does not appear in this case that the insured had a clear intent to designate defendants Coleman and Crick as his beneficiaries and to deprive his parents, the statutory beneficiaries, of their status.

8. See note 6, *supra*.

9. That the insured must be presumed to know that VA Form 29–8286 was the correct form, in view of the applicability of Army Regulation 608–2 on the date of the purported designation, November 28, 1967, requiring him to be so instructed, is not inconsistent with deeming the insured not to have been instructed respecting the divesting of statutory beneficiaries when AR 608–2 specifically required no such instruction be given him and none was contained in DA Form 3054. This follows from the axiom that an insured is presumed to know the provisions of the policy and the applicable regulations.

### Burden of Proof on "Clear Intent"

Further, defendants Coleman and Crick have not undertaken to submit any evidence of deceased's intent, of the circumstances under which DA Form 3054 was filled out, or of any possible explanation for the use by deceased of this inapplicable form. And there is no evidence adduced by defendants Coleman and Crick of any clear intent to change the beneficiary designation from that provided by statute. As noted above, those defendants rested upon the documentary evidence consisting of the unauthorized DA Form 3054 executed by Harold Silvey and the self-serving claims to the proceeds executed by them. Circumstances which might rebut evidence of intent to deprive the statutory beneficiaries by execution of DA Form 3054 are shown by evidence that deceased continued to correspond regularly with Mrs. King, both before and after November November 28, 1967;[10] and that, according to the uncontradicted testimony of Mrs. King at the hearing herein, she was not advised by the insured of any alleged beneficiary designation of defendants Coleman and Crick until she was informed of the alleged change by the Department of the Army after the deceased's death.[11] However, this evidence is not relied upon to support the findings herein because the duty to produce evidence of intent to change or designate beneficiaries by an improper form rests upon those claiming under the improper form, not on the statutory beneficiaries.

■ The rule is clear, in respect of Servicemen's Group Life Insurance, that the burden of proving a designation or change of beneficiary is upon the party asserting and relying upon the change or designation. This burden cannot be met by offering an improper form, without more. Benard v. United States, supra, 368 F.2d at 902; Stribling v. Unit-

ed States, supra, 293 F.Supp. at 1296; Spaulding v. United States, supra, 261 F.Supp. at 236. The burden of producing evidence to support the designation or change on the improper form was not met in this case. Therefore, there is no evidence of any clear intent of the insured to designate defendants Coleman and Crick as the beneficiaries of his life policy and to deprive the statutory beneficiaries of their status. In the absence of any showing of the impracticability (as referred to in the regulations quoted above) of deceased's using VA Form 29–8286, the use of the wrong form to designate beneficiaries cannot constitute evidence of manifest intent. In similar circumstances, the Eighth Circuit Court of Appeals, in Benard v. United States, supra, noted:

> "Exhibit 2, emergency data on government Form 41, was executed by the deceased insured. The Government relies upon such form as evidence of affirmative action to change the beneficiary. This form is not designed to nor intended for use in change of insurance beneficiary. In any event, under the heading on such form of 'Insurance in Force' the insured placed the word 'None.' The insured knew he had insurance. By filling in the blank with respect to insurance in the manner in which he did, it is our view that the insured negatived any possible basis for an inference that might arise to the effect that he was thereby intending to change his insurance beneficiary. * * *" 368 F.2d at 902.

The facts in the Benard case are stronger than in this case in negativing intent to change the beneficiary, but the principle governing this case is the same. It is true that there is dictum in the Benard case stating:

> "Any written notice signed by the insured and placed in proper channels to reach the Veterans' Adminis-

---

10. See note 3, supra.

11. The testimony is inexact respecting precisely how and by whom she was informed of this. She testified at the hear-

ing only that she learned it from a "lieutenant" who was assisting her in the affairs of Harold Silvey after the latter's death.

tration would effectively result in a change of beneficiary and the change will become effective as of the date of the notice even though the notice is not received until after the insured's death." 368 F.2d at 899.

But that dictum should not be relied on to authorize the use by insured of DA Form 3054. He had been required to be instructed under the applicable army regulations that VA Form 29–8286 was the only proper form. And no further showing of intent or impracticability of compliance with the regulation is shown.

#### "Practicability" of Using VA Form 29–8286

There is no evidence of intent of the deceased to designate the defendants Nicholson Coleman and Crick as beneficiaries of his life policy other than the improperly used DA Form 3054. In such a case, the evidence in respect of his efforts to comply with the method of change laid down by the insurance contract and the applicable regulations must meet a higher standard. See Smith v. United States (C.A.5) 421 F.2d 634, in which it is said:

"The basic law to be applied in cases of this kind is set forth in Mitchell v. United States, 5 Cir., 1948, 165 F.2d 758, as follows:

'The cases are * * * unanimous that a mere intent to change a beneficiary is not enough. Such an intent must be followed by some affirmative act on the part of the insured evidencing an exercise of the right to change the beneficiary. Where the courts differ is as to the degree of affirmative action necessary to effect a change.' 165 F.2d at 760.

"Since Mitchell, this court has had frequent occasions to pass on such change of beneficiary questions. In those cases where the proof of intent is clear and convincing, the rationale is that a lesser quantum of proof is required to show the affirmative act to carry out the intent to make the change. See Hawkins v. Hawkins, 5 Cir., 1959, 271 F.2d 870. Where evidence of intent is conflicting, the quantum of proof as to the necessary act is greater. See Baker v. United States, 5 Cir., 1967, 386 F.2d 356." 421 F.2d at 635.

As noted above, deceased's executing a designation form which he is not shown to know was effective to divest the statutory trustees, his parents, can hardly be deemed "positive action which evidences his obvious desire for a change of beneficiary." Norris v. Norris (C.A. 5) 145 F.2d 99, 101; Collins v. United States (C.A.10) 161 F.2d 64, cert. denied 331 U.S. 839, 67 S.Ct. 1756, 91 L.Ed. 1866; Aetna Life Ins. Co. v. Parker, *supra*. Although granted an opportunity to offer evidence of the deceased's intent and efforts to designate them as sole beneficiaries of his life policy, and of the impracticability of his doing so on the current and correct forms, defendants Coleman and Crick did not offer any evidence in the initial evidentiary hearing in this case or in the adjourned hearing. They did not contradict the testimony of the insured's mother, the defendant Aleene T. King. Therefore, the purported beneficiary designation, executed as it was on a form other than that prescribed by the applicable regulation, must be deemed ineffective. It follows that, in accordance with the provisions describing beneficiaries absent a designation in Section 770, Title 38, U.S.C., and defendant Merlin Silvey's assignment of his interest under that statute as father of deceased to defendant King, defendant King must be deemed to be the only claimant entitled to the $10,000.-00 proceeds of the life insurance policy.

Defendants Coleman and Crick cite the cases of Johnson v. Prudential Ins. Co. of America, 182 Neb. 673, 156 N.W. 2d 812, and Davenport v. Servicemen's Group Life Ins. Co., *supra*, for the principles that the applicable federal statute, Section 770, *supra*, like Section 749, *supra*, places no restrictions upon the right of the insured to designate his beneficiary and that the federal law is su-

perior to any state law or precedent which would restrict the ability of an insured under Servicemen's Group Life Insurance to make a beneficiary designation. But these principles are not applicable in cases wherein no effective change or designation or clear intent to make such in compliance with the required procedure is shown.[12] The federal law applicable to this case, discussed above, sustains the claim of defendant King. There is thus no theory of law applicable to the uncontradicted evidence in this case which would sustain the claims of defendants Coleman and Crick, or either of them.[13] Defendant King must be deemed the sole beneficiary of the Servicemen's Group Life Insurance policy involved in the case at bar.

After the initial hearing herein, a memorandum containing most of the foregoing material was prepared by the Court and presented to counsel with an order to show cause why judgment should not be entered in accordance therewith. This was done because, as the show cause order recited, "the issue on which the proposed judgment proposes to decide the case was not an agreed issue in Standard Pretrial Order No. 2." Thereafter, defendants Coleman and Crick asserted that they were surprised by the issue upon which the Court proposed to render a decision. Accordingly, on July 15, 1970, the Court vacated the submission of the cause, ordered an adjourned, continued evidentiary hearing of the cause and amended Standard Pretrial Order No. 2 to include the following issues of fact:

"4. Under the circumstances of this case, did the deceased Harold R. Sil-

---

12. Defendant King has expressly disavowed any claim of undue influence in the present case and no evidence of a "confidential relationship" necessary to create a presumption of such has been entered in the trial of this case.

Further, the case of defendant King, as based upon the proposition that a minor has no capacity to make a change in beneficiary does not follow the trend against the principle in general law, see 44 Am.Jur.2d, Insurance § 1778, pp. 692–693; Anno. 14 A.L.R.2d 375; Hunter v. Travelers Ins. Co., Fla.App., 131 So.2d 209, and a unanimous set of precedents against the proposition in respect specifically of Servicemen's Group Life Insurance. See Davenport v. Servicemen's Group Life Ins. Co., 119 Ga.App. 685, 168 S,E.2d 621, and Johnson v. Prudential Ins. Co. of America, 182 Neb. 673, 156 N.W.2d 812.

Defendant King nevertheless briefed her case on the proposition that the deceased minor, in making the beneficiary designation entered into a contract which was voidable because of his minority and which his mother could disaffirm after his death. But this is inconsistent with the above authorities, which hold that a minor may change a beneficiary and specifically that such should not be subject to disaffirmance by the original beneficiary after death. See Anno. 14 A.L.R. 2d at 377. Further, disaffirmance of the change of beneficiaries by the mother is not warranted by applicable law.

Some older authority holds that the procedural provisions for designating a bene-

ficiary are for the benefit of the insurer and that they were waived when an interpleader action was brought by the insurer. See, e. g. Pan American Life Insurance Company v. De Cobian Alvarez (D. P.R.) 160 F.Supp. 292. But the majority rule is contrary. United Benefit Life Ins. Co. v. Cody (W.D.Wash.) 286 F. Supp. 552, and cases therein cited. Further, the rule would appear not to apply here, when there is no clear intent to change beneficiaries, and a justiciable issue exists on the question.

13. It would seem that if general principles of insurance law as applied generally were applied in this case, even in their most liberal form in favor of defendants Coleman and Crick, they still could not recover. In insurance law generally, it is necessary (1) that the insured have a clear intent to change or designate beneficiaries and (2) that he do "everything in his power" to effect the change. See Tomaneng v. Reeves (C.A.6) 180 F.2d 208; Prudential Ins. Co. of America v. Moore (C.A.7) 145 F.2d 580, cert. denied Moore v. Moore, 324 U.S. 849, 65 S.Ct. 686, 89 L.Ed. 1409. "This is the most liberal view that any court has adopted regarding a change of beneficiary." United Services Life Ins. Co. v. Moss (W.D. Va.) 303 F.Supp. 72, 76. This is also the rule in Missouri. Postal Life & Cas. Ins. Co. v. Tillman, Mo.App., 287 S.W.2d 121. Therefore, if defendants Coleman and Crick cannot recover under this rule, it would appear that they cannot recover at all.

vey manifest a clear intent to designate defendants Coleman and Crick as the beneficiaries of his Servicemen's Group Life Insurance Policy?

"5. If so, did the execution of DA Form 3054 by deceased Harold R. Silvey showing the names of defendants Coleman and Crick in the 'beneficiary' column constitute an overt act toward compliance with the statutes and regulations governing beneficiary designations in respect of Servicemen's Group Life Insurance?"

Standard Pretrial Order No. 2 was further amended to include the following issue of law:

"5. Whether the execution of DA Form 3054 by the deceased Harold R. Silvey to show the names of defendants Coleman and Crick in the 'beneficiary' column was sufficient under the governing statutes and regulations to designate defendants Coleman and Crick as the beneficiaries of his Servicemen's Group Life Insurance policy, thereby divesting the statutory beneficiaries of the proceeds of that policy."

Thereafter, defendants Coleman and Crick objected to the amended statement of the factual issues on the grounds (1) that, as formulated by the Court, they were issues of law rather than issues of fact, and (2) that the factual issues as formulated were "too narrow" and should "be amended to reflect both the elements of execution of DA Form 3054 *and* the transmittal thereof to the Veterans Administration." The Court overruled the objections by the order entered herein on November 4, 1970. Therein, the Court rejected the contention that the issues as formulated were issues of law rather than issues of fact, stating as follows:

"Contrary to the suggestions of defendants Coleman and Crick, the issues of whether deceased manifested a 'clear intent' under the circumstances and whether his execution of DA Form 3054 was an overt act substantially complying with Section 749

of Title 38, U.S.C., are not issues of law, but correctly, broadly formulated issues of fact, or mixed issues of law and fact. As was stated in Spaulding v. United States (W.D.Okl.) 261 F Supp. 232:

'In determining whether or not an insured * * * intended to change his beneficiary and accomplished some affirmative act to effectuate that intent it is necessary for the Court to determine each case in the light of its own facts.' 261 F.Supp. at 237."

The Court further rejected defendants Coleman's and Crick's contention that the transmission of the signed DA Form 3054 through military channels after the death of the insured should in every case be considered as evidence of an insured's intent to change his beneficiary or of his having accomplished an overt act toward making the change. On that contention, the Court stated as follows:

"Through the establishing or stipulating of the facts of receipt of the DA Form 3054 by the Veterans Administration and the transmission of forms to defendants Coleman and Crick, defendants Coleman and Crick apparently wished to comply with the requirements of Stribling v. United States (C.A.8) 419 F.2d 1350, affirming (E.D.Ark.) 293 F.Supp. 1293, requiring literal compliance with Section 770 of Title 38, U.S.C., in that the change of beneficiary form be received in the uniformed services prior to death. This is an issue unrelated to substantial compliance with administrative regulations under Section 749 of the same title, with which the issues in this case are mainly concerned. See Breckline v. Metropolitan Life Ins. Co., 406 Pa. 573, 178 A.2d 748, 2 A.L.R.3d 1135. * * *

* * * * * *

"The transmittal of DA Form 3054 through military channels after the death of the deceased may not be relevant or material to the issues of his intent to change beneficiaries of his

policy or of his having performed an overt act to accomplish the same. Further, insofar as the deceased may have done any provable thing in his lifetime to show his intent or the accomplishment of the overt act, such comes within the issues as formulated by the Court. * * * Defendants Coleman and Crick apparently wish to make admissible on the issue of compliance with Section 749 of Title 38 the alleged fact of compliance with Section 770 of the same title. But, in cases involving Servicemen's Group Life Insurance, the receipt of the writing purporting to change the beneficiaries in the uniformed service prior to death of the insured may not have any probative value on the issue of whether deceased has made an overt act toward compliance with the administrative regulations promulgated under the authority of Section 749, *supra*. That appears to be particularly true in the case at bar, wherein defendants Coleman and Crick apparently wish to make the channeling of DA Form 3054 *after* deceased's death probative of his intent prior to death as a matter of law. If, however, these circumstances tend to prove anything regarding the intent or affirmative act of deceased during his lifetime, defendants Coleman and Crick will be free to offer evidence on those two factual issues at the trial of this action. But the Court should not have, and did not, rule that compliance with Section 770 constituted compliance with Section 749 as a matter of law."

Subsequently, at the adjourned trial of this cause held on November 30, 1970, the following documentary evidence was entered. Defendant Coleman entered a letter dated August 22, 1968, from the Adjutant General of the Army to the Commander of the United States Army Forces Command, Fort Amador, Canal Zone, which states: "It is requested that the inclosed letter be transmitted to Miss Pamela Nicholson, friend of Specialist Four Harold R. Silvey, de-

ceased." The enclosure is a letter from Major General Kenneth G. Wickham of the Office of the Adjutant General to defendant Coleman stating as follows:

"Attached is a copy of Department of the Army Form 3054, pertaining to Servicemen's Group Life Insurance which was executed in your favor by Specialist Four Harold R. Silvey.

"Paragraph 3a reflects the amount of insurance, paragraph 3b the beneficiary designation, and paragraph 3c the method of payment.

"The inclosed claim form should be completed as required and forwarded as indicated on the form.

"My deepest sympathy is with you."

Attached is the DA Form 3054 upon which deceased purportedly designated defendants Coleman and Crick as beneficiaries of his Servicemen's Group Life Insurance to receive 50% of the proceeds each to be received by each in a lump-sum payment. Defendant Coleman also offered a paper headed "Servicemen's Group Life Insurance" and dated "2 November 1965" which states as follows:

"Public Law 89–214 which became effective 29 September 1965 insured all servicemen on active duty at that time, and those who entered the service at a later date, for $10,000.00 unless they decline the insurance or elect the lesser amount of $5,000.00. The Office of Servicemen's Group Life Insurance, 212 Washington Street, Newark, New Jersey 07102, administers the payment of this insurance to the beneficiaries. A copy of the Report of Casualty pertaining to a deceased Army member is furnished that office to assist in the settlement of the insurance. Beneficiaries should complete the Claim for Death Benefits, as required, and forward it as indicated on the form. Any Correspondece (sic) regarding this insurance should be directed to the Servicemen's Group Life Insurance."

Further, the parties had entered into the following supplemental stipulation following the initial trial of this cause:

"That after the death of the said Harold R. Silvey, the aforesaid signed DA Form 3054 was transmitted through Army channels, in a manner presently unknown to the parties to the action, to the Casualty Division of the Office of the Adjutant General, Department of the Army, which said Division certified said document to the Office of Servicemen's Group Life Insurance, 212 Washington Street, Newark, New Jersey 07102 for processing. Further, that after the aforesaid signed DA Form 3054 was received by the Casualty Division of the office of the Adjutant General, Department of the Army, that office transmitted a VA Form 29-8283 'Claim for Death Benefits' to both defendants Pamela Nicholson Coleman and Judy C. Crick which were received by them (Previously identified in the Stipulation filed May 29, 1969 at Page 4 as P. Ex. 2 and P. Ex. 3). In addition, the following documents which are the subject of further stipulation in Paragraph 18 hereof were sent to and received by defendant Pamela Nicholson Coleman:

A. A letter from the Adjutant General to Commander United States Army Forces, Southern Command, Fort Amador, Canal Zone by Order of the Secretary of the Army dated August 22, 1968.

B. A letter from Major General Kenneth G. Wickham, Department of the Army, Office of the Adjutant General, Washington, D. C. to Miss Pamela Nicholson, Box 1355, Howard Air Force Base, Canal Zone, dated August 22, 1968.

C. Information copy of DA Form 3054 signed by Harold R. Silvey on November 28, 1967.

D. Instructions to Beneficiaries of Servicemen's Group Life Insurance."

Defendant Crick offered a document purporting to be a copy of "A teletype communication dated subsequent to July 1, 1970, from Commanding General, 3rd United States Army, to Commanding General, Ft. Campbell, Kentucky and others," which pertinently states as follows:

"Effective 25 Jun 70, all personnel entitled to basic coverage are automatically insured for $15,000, including repeat including those who had previously declined SGLI, had reduced coverage, or had lost it thru AWOL of more than 31 consecutive days. New waivers for reduced coverage or declination of coverage must be completed and dated after 25 Jun 70. However, any previous beneficiary designation on file (either on VA Form 29-8286 or DA Form 3054 (obsolete)) will remain valid. If beneficiary changes are desired, a new VA Form 29-8286 (SGLI election) must be completed in unit personnel office. Changes to form now on file are not permitted. (See para 3, below.)

\*　　\*　　\*　　\*　　\*　　\*

"3. VA Form 29-8286 (SGLI Election) is also under revision. The new form will delete phrase on reverse which states form need not be completed if member desires automatic features of law. Therefore, effective 25 Jun 70, all personnel repeat all personnel will be required to complete and have on file VA Form 29-8286. If automatic provisions of law are desired, no beneficiaries should be named on front of form, but individual's signature and date of signing repeat date of signing must be affixed to form, as well as the signature of witness. The phrase 'I desire the automatic provisions of law' will be written by the member in the space provided for beneficiaries."

The evidence with respect to the channeling of the DA Form 3054 through Army channels after the death of the insured and the notification of defendant Coleman that she had been designated a beneficiary cannot, without more, constitute decisive evidence on the question of whether the insured had a clear intent to change the beneficiary of his

life insurance policy when DA Form 3054 was filled out by him. Without other evidence, the mere presentation of these documents cannot permit the conclusion that the deceased had a clear intent to change his beneficiary. Such a conclusion would involve the inference that the Adjutant General would not have processed the DA Form 3054, which was irregular on its face, unless that agency had evidence of the clear intent of deceased to change his beneficiary. But this is not an area committed to administrative discretion, nor one in which the expertise of the army controls; and it was incumbent upon defendants Coleman and Crick to adduce in this Court the evidence which the army may have had to justify the conclusion that deceased had such a clear intent. The burden of proving a valid change of beneficiary under Section 749, *supra,* clearly rests upon the purportedly substituted beneficiary. Anno., Change of Beneficiary, 2 A.L.R.2d 489, 509. Otherwise, the failure of DA Form 3054 on its face to comply with the applicable Army Regulation AR 608–2 would not support any finding that its signing and later transmission to the Veterans Administration through Army channels, without more, evidenced any intent to change beneficiaries.

Further, the teletype communication from the Commanding General of the Third Army must be construed consistently with AR 608–2 which it does not purport to amend or overrule and which has not been amended or overruled. So construed, the teletype communication cannot purport to make the DA Form 3054 which was completed after April 7, 1967, the effective date of AR 608–2, an effective compliance with Section 749 and 38 C.F.R. § 8.47–1. Therefore, the only DA Forms 3054 on file which "remain valid" by the terms of the teletype communication are those which were completed prior to April 7, 1967.

Furthermore, even if the declaration of the "validity" of the form were to be made effective by the teletype communication, the "form" would be "valid" only as a species of "overt act" toward complying with Section 749 and 38 C.F.R. § 8.47–1. A designation on Form 3054 would be valid only if supported by evidence of clear intent to effect a change of beneficiaries thereby. And, even on the issue of "overt act," it is settled that "a writing in some form is a *minimum* requirement." (Emphasis added.) Davenport v. Servicemen's Group Life Ins. Co., *supra,* 168 S.E.2d at 625, and cases therein cited. In the case at bar, the DA Form 3054 purporting to have been filled out and signed by the deceased on November 28, 1967, may not constitute a sufficient "overt act" because no showing has been made that it was not practicable, within the terms of the controlling regulation, for the deceased to have used VA Form 29–8286, the proper form designated to be used by that regulation. Had defendants Coleman and Crick offered evidence of the instructions which were given to the deceased when he purportedly filled out the incorrect form, both clear intent and a sufficient overt act might have been shown. But that evidence was never offered, although it hardly appears that it would have been unavailable or difficult to gather.

It is therefore

Adjudged that judgment be, and it is hereby, entered for defendant Aleene T. King herein for the $10,000.00 proceeds of the Servicemen's Group Life Insurance Policy on the life of Harold R. Silvey, deceased, plus the interest which has accrued thereon since the placement of those proceeds in an interest-bearing account in accordance with the order of this Court entered herein on August 4, 1969. It is further

Ordered that the Clerk pay the current balance of the interest-bearing account into which the proceeds were deposited on August 8, 1969, in accordance with the order of this Court entered on August 4, 1969, to defendant Aleene T. King.